ZEHMER, Judge.
Holmes appeals the revocation of his probation, arguing that the lower court erred in finding him solvent without a hearing and in requiring him to represent himself at the probation revocation hearing and at sentencing. We reverse.
On September 25, 1979, Holmes pled guilty to vehicular homicide and was sentenced to five years imprisonment. All but three months were suspended, and he was placed on probation for the remaining four years and nine months. Holmes’ probation was subject to special, as well as the usual, conditions.
On November 2, 1982, an affidavit of violation of probation was prepared, alleging that Holmes had violated several conditions of his probation, including failure to pay the victim’s widow $100 per month and failure to comply with his probation officer’s instruction to> seek alcohol evaluation.
Following his arrest, Holmes appeared at a preliminary hearing in December, 1982, represented by a public defender. Prior to the hearing, the public defender filed a motion for a statement of particulars and a demand for discovery, but had received no response. At the hearing, Holmes indicated to the court that he wished to hire a private attorney. The court reset the violation of probation hearing for January 25, 1983, warning Holmes, “At the time of the hearing, I’m cautioning you now, don’t come in and say I can’t have a hearing because my private lawyer, I couldn’t afford one_ You will -be heard on Janu *1071 ary 25.” Holmes replied, “That’s more than enough time.”
Although the public defender moved to withdraw when Holmes requested private counsel, that office remained counsel of record for Holmes until the January hearing.
At the January hearing, Holmes advised the court that his wife had spoken with an attorney regarding Holmes’ representation and that the attorney declined employment until he learned more about the charges. It became apparent that, as a result of the hearing, Holmes might actually serve time; and when the court asked Holmes if he wished to proceed without an attorney, Holmes answered, “I’d like to go back to get a Public Defender, if I can, because what I violated, I have done, but — .”
An attorney from the public defender’s office other than the attorney who represented Holmes at the December hearing advised the court that although he was still representing Holmes, “My problem is I just never have spoken or seen Mr. Holmes. I was in my office, and available, but I had no contact with him.” Holmes then stated, “That was my problem with Ms. Adams. She was my Public Defender before I actually said I was going to get an attorney, but she knew nothing about the case.” The record indicates that the public defender’s office had failed to pursue its discovery requests filed prior to the December hearing.
After Holmes’ explanation for originally seeking a private attorney because of dissatisfaction due to the public defender’s lack of knowledge of the case, the court again asked Holmes if he could afford a private attorney. Holmes responded that he could as he had been working. The court established that Holmes had “about $500” but made no further inquiry into Holmes’ financial situation. The public defender commented to the court on Holmes’ apparent solvency and was discharged as Holmes’ attorney. The court then commenced the hearing on the revocation of probation and asked Holmes if he had any witnesses on his behalf. He had none.
The state contends that Holmes’ statement at the preliminary hearing that he had “about $500” triggered the presumption of solvency under section 27.52(2)(b)3, Florida Statutes (1981). The state noted that the court could glean from Holmes’ testimony that he was currently employed in construction, that his father would give him $300 toward his probation costs, and that he had the means to hire private counsel, and, therefore, the court was not required to inquire further into Holmes’ financial status.
Holmes argues on appeal that, in determining his financial status, the court failed to comply with the guidelines in section 27.52, Florida Statutes (1981), which provides:
(2)(a) A person is indigent for the purposes of this part if he is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himself or his family.
(b) In determining whether a defendant is indigent, the court shall determine whether any of the following facts exist, and the existence of any such fact shall create a presumption that the defendant is not indigent:
1. The defendant has been released on bail in the amount’ of $5,000 or more.
2. The defendant has no dependents and his gross income exceeds $100 per week; or, if the defendant has dependents, his gross income exceeds $100 per week plus $20 per week for each of the first two dependents of the defendant and $10 per week for each additional dependent.
3. The defendant owns cash in excess of $500.
(c) The court shall also consider the following additional circumstances in determining whether a defendant is indigent:
1. The probable expense and burden of defending the case;
2. The ownership of, or equity in, any intangible or tangible personal property or real property or the expectancy of an *1072 interest in any such property by the defendant; and
3. The amount of debts owed by defendant or debts that might be incurred by the defendant because of illness or other misfortunes within his family.
The court, Holmes argues, did not consider his income, whether he had any dependents, whether he had any real property, or whether he had incurred any debts; it considered only the $500 Holmes believed he had in savings. We agree with appellant's contention.
An indigent probationer is entitled to counsel at a hearing on revocation of probation. Young v. State, 399 So.2d 1082 (Fla. 1st DCA 1981). The determination of nonindigency of a defendant prior to denying him appointment of counsel must be made on as complete a financial picture as possible. Enrique v. State, 408 So.2d 635, 638 (Fla. 3d DCA 1981). The court’s inquiry, limited to the single question, “How much savings do you have?”, fell far short of satisfying the guidelines for determining indigency found in section 27.52(2), Florida Statutes (1981). The record shows that the court failed to consider factors mandated by that section: Holmes’ gross income, whether he had family dependents, the probable cost of defending the case, his possible ownership in property, and the amount of debts he might have outstanding. The record also reflects that immediately after the court adjudged Holmes solvent for purposes of the revocation hearing, discharged the public defender as his counsel for that proceeding, and ordered his probation revoked, the court then adjudged Holmes insolvent for “the purpose of appealing this cause,” and appointed the same public defender to represent him in this appeal.
The obvious purpose of the statute is to effectuate the constitutional right to counsel. The cursory inquiry into Holmes’ financial picture failed to comply with section 27.52, Florida Statutes (1981), and thus failed to protect that right. Holmes is entitled to a new revocation hearing at which he can be represented by counsel. Whether such counsel shall be selected and reimbursed by Holmes or appointed by the court to serve at public expense shall be determined after a proper insolvency hearing conducted in accordance with the statute.
We need not comment on the evidence adduced to support the revocation. Although facially sufficient, it may well appear that revocation of probation does not necessarily serve the public interest and is not necessarily warranted if evidence of defenses and mitigating circumstances are properly presented by a competent attorney representing Holmes.
The order of revocation is reversed, the sentence is vacated, and the ease is remanded.
REVERSED and REMANDED.
MILLS and SHIVERS, JJ., concur.