473 So.2d 793 (1985)
Johnny Lee SIPLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1464.
District Court of Appeal of Florida, Fifth District.
August 8, 1985.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The defendant, charged with burglary of a dwelling with a battery therein, sought appointed counsel at arraignment. His affidavit, however, showed a weekly income of $190.00 with one dependent, resulting in a presumption that he was not indigent pursuant to section 27.52, Florida Statutes (1983), which provides, in pertinent part:
(1) The determination of indigency of any accused person shall be made by the court at any stage of the proceedings. Any accused person claiming indigency shall file with the court an affidavit which shall contain the factual information required in subsection (2).
(2)(a) A person is indigent for the purposes of this part if he is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himself or his family.
(b) In determining whether a defendant is indigent, the court shall determine whether any of the following facts exist, and the existence of any such facts shall create a presumption that the defendant is not indigent:
1. The defendant has been released on bail in the amount of $5,000 or more.
2. The defendant has no dependents and his gross income exceeds $100.00 per week; or, if the defendant has dependents, his gross income exceeds $100.00 per week plus $20.00 per week for each of the first two dependents of the defendant and $10.00 per week for each additional dependent.
3. The defendant owns cash in excess of $500.00.
(c) The court shall also consider the following additional circumstances in determining whether a defendant is indigent:
1. The probable expense and burden of defending the case;
2. The ownership of, or equity in, any intangible or tangible personal property or real property or the expectancy of an interest in any such property by the defendant; and
3. The amount of debts owed by the defendant or debts that might be incurred by the defendant because of *794 illness or other misfortunes within his family.
The trial court denied appointment of counsel at arraignment and at two hearings thereafter, despite Siplen's repeated insistence that he could not afford an attorney. At the second hearing, Siplen testified:
I couldn't get enough time to get no money to get a lawyer. Everyone I talked to, they asked for $2,000.00 and they asked for that right up front.
Finally, the case proceeded to jury trial with the defendant representing himself. He was convicted of the lesser misdemeanor offense of trespass of an occupied building. An attorney was appointed to represent Siplen at sentencing, since by that time he was no longer employed.
On appeal Siplen argues that the court erred in refusing to appoint trial counsel for him and, more specifically, in failing to consider the circumstances enumerated in section 27.52(2)(c)(1), above. He relies on the cases of Holmes v. State, 448 So.2d 1070 (Fla. 1st DCA 1984), and Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981), review denied, 418 So.2d 1280 (Fla. 1982).
In both Holmes and Enrique, the appellate courts reversed uncounseled convictions because of inadequate indigency inquiries. In Enrique, the court held:
The obvious design of the statute is to effectuate the constitutional right to counsel. Statutes providing benefits to insolvent parties are to be liberally construed. (Citations omitted.) Were we to read the statute, as it apparently was read by the magistrate and the trial court, as creating conclusive presumptions of non-indigency where a defendant ... has a gross income in excess of [the presumptive amount], ... the statute would be constitutionally infirm (footnote omitted). A determination of non-indigency must be made on as complete a financial picture as possible, Sapio v. State, 223 So.2d 759 (Fla. 3d DCA 1969); People v. Castile, [71 Ill. App.3d 728, 28 Ill.Dec. 259, 390 N.E.2d 426 (1979)], supra; State v. Lande, [180 Mont. 157, 589 P.2d 666 (1979)], supra, and essential to this determination for the purpose of the right to counsel is the cost of available counsel. Sapio v. State, supra; State v. Lande, supra.

* * * * * *
Thus, it is the trial court's continuing responsibility to determine that a defendant who is not represented by counsel at any critical stage of a criminal proceeding is financially able to employ counsel; that determination can only be made after a full and complete inquiry concerning the defendant's financial circumstances, taking into account the cost of obtaining counsel in respect to the particular case; and the prima facie evidence of non-indigency set forth in Section 27.52, Florida Statutes (1979), cannot by itself be employed to deny court-appointed counsel to an accused.
Id. at 638, 639.
In the instant case, the trial court failed to fully inquire in regard to the additional circumstances set forth in subsections (2)(c) of the statute, and more particularly, in regard to "the probable expense and burden of defending the case." Accordingly, following Holmes and Enrique, we reverse and remand for a new trial at the county court level on the offense of trespass of an occupied building, a misdemeanor of the first degree.
REVERSED and REMANDED.
FRANK D. UPCHURCH, J., and GOSHORN, G.S., Associate Judge, concur.