488 So.2d 143 (1986)
Arthur Windslow PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1260.
District Court of Appeal of Florida, Fifth District.
May 8, 1986.
*144 James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
We reverse the judgment of conviction and remand the case for a new trial because the trial court erred when it determined that defendant was not indigent and refused to appoint counsel without inquiring into the circumstances set forth in section 27.52(2)(c), Florida Statutes (1985). See Siplen v. State, 473 So.2d 793 (Fla. 5th DCA 1985). The defendant had advised the court that he had been unable to retain an attorney because he could not raise the required retainer fee, but the court considered only the fact that defendant earned more than $100 per week, section 27.52(2)(b)(2), and did not inquire into the probable expense and burden of defending the case, section 27.52(2)(c)(1), or the other circumstances listed in subsection (c), all of which must be considered in determining whether a defendant is indigent. How much a defendant earns is only one of the factors to be considered in determining indigency. The statute mandates that the circumstances itemized in section 27.52(2)(c) be considered as well. Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981), rev. denied, 419 So.2d 1280 (Fla. 1982); Holmes v. State, 448 So.2d 1070 (Fla. 1st DCA 1984).
REVERSED.
DAUKSCH and SHARP, JJ., concur.