LEHAN, Judge.
Defendant appeals from his convictions for false imprisonment and battery. He contends that the trial court erred in terminating prior to and on the day of trial the court’s previous appointment of the public defender to represent defendant without determining that defendant was no longer indigent and taxing him with the costs of the public defender’s representation. He also contends that the trial court erred in failing to make an inquiry to determine whether the defendant made an intelligent and voluntary decision to proceed pro se at trial and sentencing. We reverse.
As to the first contention, just as the appointment of counsel for an indigent must follow proper procedures to determine indigency, so also, we conclude, must the termination of that appointment follow proper procedures to determine lack of indi-gency. Cf. Cooper v. State, 576 So.2d 1379 (Fla. 2d DCA 1991). We do not conclude from the record that such procedures were followed in this case.
The initial indigency determination apparently was based upon the premise that defendant’s assets were frozen in Canada in connection with a pending divorce suit in which defendant was involved. It appears that the trial court, after declaring defendant “partially insolvent,” had directed defendant to file with the court within twenty days an “order prepared by an attorney in Canada in reference to liquidation of the defendant’s assets,” which apparently was to reflect the foregoing freezing of defendant’s assets, and that defendant thereafter only filed within that period a notice of a motion in the Canadian court to freeze the assets. It further appears that the trial court had considered the initial order of appointment of the public defender to be conditioned upon defendant filing thereafter such a Canadian order. However, the order of appointment did not reflect that condition, and the trial court does not appear to have given defendant an opportunity to be heard before terminating the appointment of the public defender.
On remand the proper procedures should be followed to determine whether defendant is indigent and is therefore entitled to court appointed counsel.
We need not address defendant’s second contention.
Reversed and remanded for a new trial and proceedings otherwise consistent herewith.
RYDER, A.C.J., and PARKER, J„ concur.