SCHWARTZ, Chief Judge.
At arraignment, the county court appointed the public defender to represent Ull, an indigent, on DUI and related offenses. Because the charges carried the possibility of a prison sentence, this ruling was not only correct, but constitutionally required. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). On the date set for trial, however, the assistant state attorney announced, and the trial judge certified that no jail sentence would be sought or imposed. On that basis, the county court then purported *929 to discharge or “dis-appoint” the public defender and, although the office had conducted discovery and was otherwise fully prepared and desired to continue the representation, precluded it from doing so. After the appellate division of the circuit court denied relief from this order, Ull now seeks a writ of certiorari from this court. We grant the petition.
After the public defender had undertaken to represent the defendant under an appropriate order, the trial court lacked authority — certainly at that stage of the proceedings — to revoke the appointment and leave the defendant without counsel to defend him. The fact that an initial appointment of the public defender may not have been permissible under the facts as they only later developed makes no difference. Allen v. McClamma, No. 87-651 (Fla. 2d Cir. Nov. 1, 1988) (per Miner, J.) (“[T]he issue ... is whether the court improperly discharged a lawfully appointed public defender on the eve of trial through issuing an ONI [order of no imprisonment]. Sec. 27.51 addresses only the appointment of a public defender. It does not give the appointing court authority to remove a public defender once lawfully appointed. Therefore, it appears that the County Court acted without authority when it removed the Public Defender under the facts of this case. This result is supported by the equities which seem to this Court to weigh clearly in favor of Mr. Reynolds and the Public Defender.”); Roswall v. Municipal Court of N. Solano Judicial Dist., 89 Cal.App.3d 467, 472, 152 Cal.Rptr. 337, 340 (1979) (“[O]nce counsel is appointed to represent an indigent defendant ... the parties enter into an attorney-client relationship which is no less inviolable than if counsel had been retained. To hold otherwise would be to subject that relationship to an unwarranted and invidious discrimination arising merely from the poverty of the accused.”).
The order of the circuit court under review is quashed and the cause remanded with directions that the order of the county court revoking the appointment of counsel be itself quashed.
Certiorari granted.
HUBBART, J., concurs.