642 So.2d 721 (1994)
STATE of Florida, Petitioner,
v.
Gabriel ULL, Respondent.
No. 81372.
Supreme Court of Florida.
April 28, 1994.
Rehearing Denied September 29, 1994.
*722 Robert A. Butterworth, Atty. Gen. and Angelica D. Zayas, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, Eleventh Judicial Circuit, and Elliot H. Scherker, Sp. Asst. Public Defender of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for respondent.
Nancy A. Daniels, Public Defender, Second Judicial Circuit, Tallahassee, amicus curiae for The Florida Public Defender Ass'n.
SHAW, Justice.
We have for review Ull v. State, 613 So.2d 928 (Fla. 3d DCA 1993), in which the court certified the following questions of great public importance:
Does the power to appoint the public defender pursuant to Florida Rule of Criminal Procedure 3.111 and section 27.51 Florida Statutes (1991), carry with it the power to revoke the appointment if the conditions for representation cease to be met?
Must the determination that no jail sentence will be imposed in the event of a conviction, for the purpose of determining entitlement to representation by the public defender, be made prior to the appointment of counsel ...?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the first question in the affirmative and the second in the negative. We quash the decision under review.
Gabriel Ull was arrested on August 7, 1992, and charged with driving under the influence of alcohol, a misdemeanor. At arraignment on August 14, he entered a plea of not guilty and the county judge appointed a public defender. Ull demanded a jury trial, which was set for September 23. The public defender investigated the case, requested discovery of, and provided discovery to, the State, and interviewed and arranged for the testimony of expert and other witnesses on Ull's behalf. At a bond hearing prior to trial, *723 a different judge certified that she would not impose incarceration upon conviction and discharged the public defender over objection.
Ull filed a petition for writ of certiorari in circuit court seeking review of the order discharging counsel. The petition was denied but the district court reversed, ruling that once the public defender was properly appointed the court lacked authority to discharge him. The relevant statute, the court noted, makes no provision for the de-appointment of counsel. The State moved to certify the above questions.
The United States Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), held that the Fourteenth Amendment to the United States Constitution incorporates the Sixth Amendment right to counsel and this means that the states must make appointed counsel available to indigent defendants in felony prosecutions. Nine years later, the Court ruled that this right extends to prosecutions for minor offenses where "actual imprisonment" is imposed. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). And finally, in Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Court refused to extend the right beyond the "actual imprisonment" standard, holding that an indigent defendant convicted of shoplifting and sentenced to a fine of fifty dollars had no right to appointed counsel.
Ull thus has no federal constitutional right to appointed counsel, since the court certified that it will not impose incarceration upon conviction. We now turn to state statutory law and court rules.
Section 27.51, Florida Statutes (1991), provides that a public defender shall be appointed in the following instances:
27.51 Duties of public defender 
(1) The public defender shall represent, without additional compensation, any person who is determined by the court to be indigent as provided in s. 27.52 and who is:
(a) Under arrest for, or is charged with, a felony;
(b) Under arrest for, or is charged with, a misdemeanor, a violation of chapter 316 which is punishable by imprisonment, or a violation of a municipal or county ordinance in the county court, unless the court, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if he is convicted... .
§ 27.51, Fla. Stat. (1991) (emphasis added). Although the statute does not say at what point in the prosecution a public defender must be appointed, it expressly provides that counsel need not be appointed in misdemeanor cases if the court certifies prior to trial that imprisonment will not result.
Florida Rule of Criminal Procedure 3.111 is more explicit. It provides that counsel shall be appointed at the earliest of three points, and shall be provided in all prosecutions punishable by imprisonment. As with the statute, the rule states that counsel need not be provided in misdemeanor cases where the judge certifies prior to trial that the defendant will not be imprisoned if convicted.

RULE 3.111 PROVIDING COUNSEL TO INDIGENTS
(a) When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when the person is formally charged with an offense, or as soon as feasible after custodial restraint, or at the first appearance before a committing magistrate, whichever occurs earliest.
(b) Cases Applicable.
(1) Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by imprisonment (or by incarceration in a juvenile corrections institution) including appeals from the conviction thereof. Counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if convicted.
Fla.R.Crim.P. 3.111 (emphasis added).
Although neither statute nor rule specifically addresses the issue presented in the present case, we find the general language of these provisions dispositive. Both statute and rule expressly state that a court may decline to provide counsel whenever the *724 court certifies prior to trial that it will not impose incarceration. This broad language, we conclude, embraces the situation where a public defender has already been appointed. Accordingly, we hold that a court may discharge a public defender at any time prior to trial on a misdemeanor charge, provided the court first certifies in writing that it will not impose incarceration upon conviction.
We enter a single caveat. Due process considerations dictate that a court's actions in first appointing then discharging counsel must not work to the detriment of the indigent defendant, i.e., a defendant should not be left in a position worse than if no counsel had been appointed in the first place. Accordingly, we further hold that an indigent defendant can successfully block discharge by showing that he or she will be substantially disadvantaged by loss of counsel. To avoid violating due process rights, a trial court should either (1) not discharge the public defender, or (2) allow the defendant a reasonable time to obtain private counsel or, where the defendant so elects, a reasonable time to prepare his or her own defense.
Based on the foregoing, we quash Ull and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, McDONALD, KOGAN and HARDING, JJ., concur.