PER CURIAM.
The petitioner seeks a writ of mandamus to compel the court below to hold an eviden-tiary hearing to redetermine whether he qualifies for court appointed counsel. During the two and a half year investigation that led to -the indictment charging the petitioner with the first degree murder of his wife, private counsel represented the petitioner. When the indictment was returned in July 1993, the petitioner urged that pre-indictment defense expenses had exhausted his resources. The public defender was appointed and remained on the case until June 21, 1994, when, on motion of the county attorney, the trial court reconsidered the petitioner’s financial status.
The county attorney offered evidence that the petitioner had borrowed substantial loans from a friend, was enjoying a comfortable lifestyle, and had an expectancy interest in real property located in California. No evidence was presented on the anticipated cost of defending the case. The trial court found that the petitioner did not meet the criteria for appointed counsel. The petitioner has remained unrepresented since that time.
About a month after the public defender was removed from his ease, the petitioner filed an affidavit from a private attorney who had examined the petitioner’s assets and had concluded that they were insufficient to pay the anticipated defense costs. The trial court denied the petitioner’s motion for an evidentiary hearing to reconsider his status in light of this new information.
The determination of indigency for the purpose of appointment of counsel is governed by section 27.52, Florida Statutes (1993), and Rule 3.111, Florida Rules of Criminal Procedure (1994). The power to appoint carries with it the power to revoke the appointment if the criteria for appointment cease to be met. State v. Ull, 642 So.2d 721 (Fla.1994). Before removing the public defender upon a finding that the defendant is no longer indigent, the court must consider the factors set forth in section 27.52. Porteous v. State, 582 So.2d 130 (Fla. 2d DCA1991). Those factors include “the probable expense and burden of defending the case.” § 27.52(2)(c)l, Fla.Stat. (1993).
Once the appointment is revoked, due process requires that the defendant be afforded a reasonable time to obtain private counsel. Ull, 642 So.2d at 721. If the defendant is unable to retain counsel, he must have the opportunity to present evidence that he has made a reasonable attempt to hire counsel but is unable to do so.
*791 We grant mandamus and direct the trial court to hold an evidentiary hearing to make a new determination as to petitioner’s financial ability to retain private counsel.
GUNTHER, STONE and FARMER, JJ., concur.