689 So.2d 389 (1997)
Jose Antonio VERA a/k/a Tony Vera, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03491.
District Court of Appeal of Florida, Second District.
February 26, 1997.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
*390 PATTERSON, Judge.
The appellant, Jose Antonio Vera, challenges his judgment and sentence for aggravated battery with a weapon causing great bodily harm. He argues that the trial court erred in failing to conduct an adequate inquiry into his indigence before denying him appointed counsel. We agree and reverse.
The appellant filed an affidavit of indigency which stated that he was single with one dependent and had no income and no assets. It also stated that he had posted a $5,000 bond in this case. The trial court entered an order declaring Vera indigent and appointing counsel. At a pretrial hearing, the state asserted that Vera had a pending charge in Orlando for which Vera had posted a $100,000 bond. Vera explained that a friend had posted the bond. The trial court told Vera to have his friend hire an attorney for him and terminated the appointment of the public defender.
At a later hearing, Vera stated that although he had recently obtained a construction job, he still did not have sufficient funds to hire an attorney. The private attorney he consulted required $5,000 to represent him. The trial court asked if Vera wished to represent himself. Vera replied, "I don't guess I have a choice. Yes, Your Honor." The court then conducted a colloquy which established that Vera was a high school graduate, a construction laborer, and had little experience with the criminal justice system. Vera proceeded pro se at trial, at the conclusion of which the jury found him guilty as charged.
Section 27.52, Florida Statutes (1993), provides, in pertinent part:
(1) The determination of indigency of any accused person shall be made by the court at any stage of the proceedings....
(2)(a) A person is indigent for the purposes of this part if he is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himself or his family.
(b) In determining whether a defendant is indigent, the court shall determine whether any of the following facts exist, and the existence of any such fact shall create a presumption that the defendant is not indigent:
1. The defendant has been released on bail in the amount of $5,000 or more.
2. The defendant has no dependents and his gross income exceeds $100 per week; or, if the defendant has dependents, his gross income exceeds $100 per week plus $20 per week for each of the first two dependents of the defendant and $10 per week for each additional dependent.
3. The defendant owns cash in excess of $500.
(c) The court shall also consider the following additional circumstances in determining whether a defendant is indigent:
1. The probable expense and burden of defending the case;
2. The ownership of, or equity in, any intangible or tangible personal property or real property or the expectancy of an interest in any such property by the defendant; and
3. The amount of debts owed by the defendant or debts that might be incurred by the defendant because of illness or other misfortunes within his family.
Section 27.52(2)(b)1 creates a presumption that a defendant is not indigent if he was released on over $5,000 bail. However, this presumption "cannot by itself be employed to deny court-appointed counsel to an accused." Enrique v. State, 408 So.2d 635, 639 (Fla. 3d DCA 1981), review denied, 418 So.2d 1280 (Fla.1982); Siplen v. State, 473 So.2d 793 (Fla. 5th DCA 1985). A trial court must consider the factors set forth in section 27.52 before terminating an appointment of the public defender based upon a finding that the defendant is no longer indigent. Vannier v. Burk, 651 So.2d 789 (Fla. 4th DCA 1995); Porteous v. State, 582 So.2d 130 (Fla. 2d DCA 1991). Vera's ability to afford private counsel was not established. The trial court assumed that Vera could afford an attorney because he had posted bond in this and another case. The court also considered that Vera had received financial assistance from a friend who had posted his bond. However, the trial court should only have considered Vera's financial ability to *391 pay. See Guy v. State, 473 So.2d 234 (Fla. 2d DCA 1985).
Further, a defendant may not be presumed to have waived the right to assistance of counsel absent a Faretta[1] inquiry to determine whether the waiver was knowing and intelligent. State v. Young, 626 So.2d 655 (Fla.1993). "Florida Rule of Criminal Procedure 3.111(d)(2) requires a thorough inquiry into an accused's capacity to intelligently and understandingly waive counsel before such a waiver may be accepted." Cooper v. State, 576 So.2d 1379, 1380 (Fla. 2d DCA 1991). The trial court was required as part of the Faretta inquiry to apprise Vera of the dangers and disadvantages of self-representation and to warn him of the severity of the charge and its possible penalty. Jones v. State, 650 So.2d 1095 (Fla. 2d DCA 1995) (trial court's failure to inform defendant of disadvantages of self-representation is reversible error; harmless error rule does not apply). There is no indication in the record that the trial court apprised Vera of the dangers of self-representation or the possible penalties that he faced.
Accordingly, because the trial court failed to make an adequate Faretta inquiry and failed to renew an offer of assistance at each subsequent stage of the proceeding, we reverse and remand for a new trial.
Reversed and remanded.
PARKER, A.C.J., and BLUE, J., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).