729 So.2d 961 (1999)
Roger NEELD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02001.
District Court of Appeal of Florida, Second District.
February 24, 1999.
Rehearing Denied March 25, 1999.
Ellis Rexwood Curry, IV, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Roger Neeld contends that the trial court erred in failing to conduct an appropriate inquiry into his request to represent himself. His contention is meritorious and requires reversal.
On the morning of his scheduled trial Mr. Neeld told his counsel that he desired to represent himself. When Mr. Neeld and his counsel came before the trial court, and after discussing the potential sentence confronting Mr. Neeld, the following discussion occurred:
THE COURT: Now, [defense counsel] has informed me you want to represent yourself.
MR. NEELD: Yes, sir.
THE COURT: Okay. Is that what you want to do?
MR. NEELD: Yes, sir. But I'm not prepared today obviously.

*962 THE COURT: Pardon me?
MR. NEELD: Obviously I'm not prepared today.
THE COURT: Sir, the bottom line is we are holding the trial today.
MR. NEELD: All right. I'm doing it under protest then.
THE COURT: I understand that. The grounds for terminating your attorney about this conflict between the State and the Public Defender obviously don't exist. There's no tangible evidence of that. To the contrary, her efforts have reduced your charge from a possible exposure of 30 years down to an exposure ofwell, a felony petit theft.
MR. NEELD: I understand, and I'm not unappreciable [sic] of anything, Your Honor. I do have a constitutional right to represent myself.
THE COURT: But I've indicated that the trial is scheduled for today, and your request to terminate her services has come too late. There is nothing in writing. You've just asserted thisthis just before trial, and there's no real basis for it. It's not like she's not fighting for you. It's not like she's not been doing her homework. This file is full of all the depositions that she's taken. She's taken four depositions that required a substantial amount of legal work on her part, and there's just absolutely no basis for you to be terminating her. If you were prepared to go today to trial, that would be something else. But the trial is set for today, witnesses have been summoned. You've known about this date for a substantial period of time. If you wanted to represent yourself, you would have informed the court long ago. You've been in custody for four months. So in that respect, I'm going to have the public defender remain on the case.
Later that morning, trial commenced at which the assistant public defender represented Mr. Neeld, and the jury convicted him of felony petit theft and assault as a lesser included crime of battery.
The record demonstrates that Mr. Neeld unequivocally sought to invoke his constitutional right to self-representation. Upon receipt of such a request, the trial court was required to determine whether Mr. Neeld was competent to waive his right to counsel and represent himself. "Where a competent defendant `knowingly and intelligently' waives the right to counsel and proceeds unrepresented `with eyes open,' he or she ipso facto receives a `fair trial' for right to counsel purposes." State v. Bowen, 698 So.2d 248, 252 (Fla.1997), cert. denied, ___ U.S. ___, 118 S.Ct. 865, 139 L.Ed.2d 763 (1998); see also Hill v. State, 688 So.2d 901, 905 (Fla.1996) ("The competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself."). This right to self-representation is further protected by Florida Rule of Criminal Procedure 3.111(d)(2), which requires the trial court to make a thorough inquiry into a defendant's capacity to waive the right to counsel. There is no indication from this record that the trial court made such an inquiry or apprised Mr. Neeld of the benefits and dangers of self-representation. See Vera v. State, 689 So.2d 389 (Fla. 2d DCA 1997). The failure to make an inquiry under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), is reversible error. See Jones v. State, 650 So.2d 1095 (Fla. 2d DCA 1995).
This court has previously noted the burden placed on trial courts by the requirements of Faretta:
We realize that the procedures mandated by these cases will often involve a tedious and time-consuming process designed to test the frustration and patience level of the most able trial judge, especially when the request comes on the day of trial and jury venire of inconvenienced citizens is impatiently waiting in the courthouse for the jury selection process to begin. We must emphasize, however, the importance of strict adherence to these requirements and the real potential for reversal should they not be followed,thereby resulting in a needless expenditure of judicial resources.
Jones v. State, 658 So.2d 122, 126 (Fla. 2d DCA 1995) (also discussing inquiries under Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973)). While we are appreciative of these *963 burdensome tasks, a defendant's right to self-representation constrains us to impose them.
Reversed and remanded for a new trial.
NORTHCUTT, A.C.J. and QUINCE, PEGGY A., Associate Judge, Concur.