779 So.2d 364 (2000)
Jesus RAMIREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-2644.
District Court of Appeal of Florida, Second District.
April 28, 2000.
Mario J. Cabrera of Mario J. Cabrera, P.A., Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
We reverse Jesus Ramirez's conviction and sentence for trafficking in methamphetamine because the trial court erred in its determination that Ramirez was not indigent, effectively denying him the right to counsel.
The day after Ramirez's arrest in September 1997, the court declared him indigent, appointed counsel to represent him, and set his bail at $50,000. Ramirez was eventually released when his mother paid approximately $6,000 to post his bond in this and other pending cases. In January 1998, Ramirez's assistant public defender filed a motion to redetermine his indigency and to withdraw as counsel. At the hearing on the motion, Ramirez testified that he worked at a roofing company, where he earned $200 to $250 per week to support himself and his wife. He owned no meaningful assets. His mother had borrowed the money to post his bond.
No evidence contradicted Ramirez's testimony that he had no assets and that he and his mother would have to repay the loan. Nevertheless, the court agreed with the prosecutor that Ramirez's mother should have used the $6,000 to hire an attorney. The court allowed the assistant public defender to withdraw, and directed Ramirez to employ counsel. At subsequent pretrial hearings, Ramirez continued to protest that he could not afford to hire counsel. Each time, he was admonished that the $6,000 should have been used for that purpose rather than for bail. Ramirez represented himself at his jury trial. *365 He was convicted and sentenced to 104.8 months in prison.
Ramirez raises two issues on appeal. We find no merit in his complaint that the trial court failed to make adequate inquiries or to give adequate warnings about the dangers of self-representation, as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). But we agree with Ramirez's assertion that the court should not have permitted the public defender to withdraw from his representation.
Determinations of indigency for purposes of appointing counsel in criminal proceedings are governed by section 27.52, Florida Statutes (1997). Section 27.52(2)(b) provides that an accused is indigent if:
1. The income of the person is equal to or below 250 percent of the then-current federal poverty guidelines prescribed for the size of the household of the accused by the United States Department of Health and Human Services...; or
2. The person is unable to pay for the services of an attorney without substantial hardship to his or her family.
At the time of Ramirez's indigency determination, the federal guidelines established the poverty level income for a two-person household at $10,610 per year. U.S. Department of Health and Human Services Federal Poverty Guidelines, 62 Fed.Reg. 10856-10859 (1997). Clearly, then, Ramirez's uncontradicted evidence proved his indigency under the objective standard contained in subparagraph 27.52(2)(b)1., and most assuredly met the more subjective test set forth in subparagraph 2.
The sole basis for the court's finding that Ramirez was not indigent was section 27.52(2)(c)1., Florida Statutes (1997), which creates a presumption that a defendant is not indigent if he has been released on bail in the amount of $5,000 or more. The court's reliance on that presumption was erroneous for two reasons.
First, the presumption was not conclusive. Standing alone, it was not sufficient to support a determination of nonindigency in the face of unrebutted proof that Ramirez was indigent as defined in section 27.52(2)(b)1. See Vera v. State, 689 So.2d 389 (Fla. 2d DCA 1997); Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981).
Second, it is well-established that the question whether an adult defendant is indigent for these purposes must turn on his own financial abilities, and not on the willingness of others to devote their own resources to his plight. See Swilley v. State, 76 Fla. 173, 79 So. 715 (1918); Sapio v. State, 223 So.2d 759 (Fla. 3d DCA 1969); Keur v. State, 160 So.2d 546 (Fla. 2d DCA 1963). Therefore, the statutory presumption against a finding of indigency was overcome by the uncontroverted evidence that Ramirez's mother borrowed the money to pay his bail. See Vera, 689 So.2d 389; Ogden v. State, 666 So.2d 239 (Fla. 2d DCA 1996).
Reversed and remanded for a new trial in accordance with this opinion.
ALTENBERND, A.C.J., and FULMER, J., Concur.