927 So.2d 114 (2006)
Robert NICKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3847.
District Court of Appeal of Florida, Second District.
April 19, 2006.
*115 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Robert Nickerson appeals the sentences that were imposed on him as a result of a resentencing hearing. Because we find that the trial court failed to honor Mr. Nickerson's right to counsel at the hearing and also violated his protections against double jeopardy, we reverse and remand for resentencing.

BACKGROUND
The State charged Mr. Nickerson with violating his probation for a previous felony DUI conviction in case number 01-2990 and with two new offenses (driving while license permanently revoked and felony DUI) in case number 02-5091. In a hearing held on June 25, 2003, Mr. Nickerson admitted the violation of probation and pleaded no contest to the two new offenses. The trial court sentenced Mr. Nickerson to forty-two months' imprisonment for the probation violation and to forty-two months' imprisonment followed by eighteen months of community control followed by four years' probation for each of the two new offenses. The court declared in its oral pronouncement of sentence that the forty-two months' imprisonment on the two new offenses would run concurrently with the forty-two months' imprisonment on the probation violation. The written sentence accurately reflected the trial court's oral pronouncement that the sentences would run concurrently. An appointed public defender initially represented Mr. Nickerson in both cases but moved to withdraw when a private attorney filed a notice of appearance. The private attorney represented Mr. Nickerson at the plea hearing and at the initial sentencing hearing.
On October 16, 2003, Mr. Nickerson, pro se, filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Mr. Nickerson argued that his total sentence of nine years in both cases was greater than the five years that the law allows for his third-degree felony convictions. The trial court denied the motion with respect to the probation case because the sentence of forty-two months' imprisonment was below the statutory maximum. The trial court granted the motion and ordered a resentencing hearing on the new offenses case.
At the resentencing hearing, the trial courtcontrary to its prior orderdecided to resentence Mr. Nickerson on both the probation case and the new offenses case. On the probation case, the trial court sentenced Mr. Nickerson to "three years, six months['] imprisonment to be *116 followed by 18 months['] community control." The trial court sentenced Mr. Nickerson to four years' probation on each of the new offenses. The four-year probationary terms were designated to run concurrently with each other but consecutively to the sentence imposed on the probation case.

RIGHT TO COUNSEL
Mr. Nickerson argues that the trial court erred by denying him his right to counsel at the resentencing hearing. We agree. "Once a trial court determines that a defendant's sentence is illegal and the defendant is entitled to re-sentencing, the full panoply of due process considerations attaches." Gonzalez v. State, 838 So.2d 1242, 1243 (Fla. 1st DCA 2003) (citing State v. Scott, 439 So.2d 219, 220 (Fla. 1983)). Those considerations include the right to be represented by counsel. McGough v. State, 876 So.2d 26, 26 (Fla. 1st DCA 2004); see also Wells v. State, 789 So.2d 1092, 1093 (Fla. 2d DCA 2001) (stating, "An indigent prisoner is entitled to the appointment of counsel at resentencing following a successful motion for postconviction relief."). Even if  as the order granting Mr. Nickerson's motion suggested  he was not entitled to have an attorney appointed, the court was required to give Mr. Nickerson an opportunity to obtain private counsel for the hearing or to show the court that he was unable to do so. Vannier v. Burk, 651 So.2d 789, 790-91 (Fla. 4th DCA 1995). "[D]ue process requires that the defendant be afforded a reasonable time to obtain private counsel." Id. at 790. Mr. Nickerson did not waive his right to counsel. See Gonzalez, 838 So.2d at 1243 (finding that because there was no express "waiver of counsel in the record . . . the trial court erred in failing to appoint counsel at the re-sentencing hearing").
In this case, the trial court began the resentencing hearing by swearing in Mr. Nickerson and asking him whether he had an attorney. Mr. Nickerson explained that he had called his private attorney's office and that the office told him to call back the next day. The court declared:
[Y]ou were brought here because of what this Court views as a clerical error. You were given three years, six months followed by 18 months of community control, and then four years probation, but it was written up as concurrent rather than consecutive. You cannot get concurrent [sic], because that would be nine years.
After the court resentenced Mr. Nickerson, the following colloquy occurred:
THE COURT: . . . Do you understand, sir?
THE DEFENDANT: Let me ask you a question. What's happened now?
THE COURT: I changed your sentence. You're getting the same sentence really, I just divided them up between the two cases.
THE DEFENDANT: So what do I got?
THE COURT: You got just what you had, sir. You had three years, six months in DOC, that will be followed by 18 months of house arrest. Then the second case will kick in and you'll have four years of probation.
THE DEFENDANT: So I got to do 36 months prison, which I'm doing now, and then 18 months of house arrest and then 
THE COURT: Four years probation. I believe I gave you early rollover, early term, which means if you do half of your supervision period, don't mess it up, that you can get off early.
THE DEFENDANT: I still got four years probation after that, my sentence is running concurrent?

*117 THE COURT: They were intended to be consecutive.
THE DEFENDANT: That was at the time a plea bargain that we settled.
THE COURT: You know what?
THE DEFENDANT: Don't I get a chance to get a lawyer to argue? You're just going to go ahead and sentence?
THE COURT: I just went ahead and sentenced you. You can get a hundred thousand lawyers.
Generally speaking, a defendant need not be present or represented by counsel when the purpose of a resentencing is the performance of a ministerial-type function or the correction of a clerical error. See Smith v. State, 870 So.2d 61, 62 (Fla. 2d DCA 2003); Windisch v. State, 709 So.2d 606, 607 (Fla. 2d DCA 1998). Here, the trial court mischaracterized the original sentencing error as a clerical error. The court incorrectly stated that Mr. Nickerson's sentence was illegal because it ran concurrently instead of consecutively. In the new offenses case, Mr. Nickerson was convicted of two third-degree felonies. The sentence for a third-degree felony is not to exceed five years. See § 775.082(3)(d), Fla. Stat. (2002); Stephens v. State, 677 So.2d 1325, 1325 (Fla. 2d DCA 1996) (stating that a "sentence, which includes the incarcerative portion of the sentence and the probationary or community control period, may not exceed the statutory maximum for the offense"). At the initial sentencing hearing, Mr. Nickerson was sentenced to a total of nine years' imprisonment, community control, and probation for each of the two new third-degree felonies, to run concurrently. This was an illegal sentence for each count, not a clerical error; merely redesignating these sentences to run consecutively to the sentence for the probation violation would not, as the trial court suggested, make these sentences legal. Because the defects in these sentences required the correction of a judicial error rather than a clerical error, Mr. Nickerson was entitled to be represented by counsel at his resentencing hearing. See Gonzalez, 838 So.2d at 1243.

DOUBLE JEOPARDY
The trial court's order that granted Mr. Nickerson's motion to correct illegal sentence in the new offenses case denied his motion in the probation case. Nevertheless, at the resentencing hearing, the court sentenced Mr. Nickerson to "three years, six months['] imprisonment to be followed by 18 months['] community control as to 2001-2990 [the probation case], and a consecutive four years['] probation as to XXXX-XXXX [the new offenses case]." The court explained, "I just divided [the sentence] up between the two cases." Mr. Nickerson argues that the trial court violated his right not to be placed in double jeopardy for the same offense by adding a period of community control to the sentence of incarceration that he had already begun to serve on the probation case. Once again, we agree.
"Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). The trial court originally sentenced Mr. Nickerson to three years, six months' imprisonment in the probation violation case, a valid sentence for the underlying third-degree felony. Mr. Nickerson had begun to serve that sentence when the trial court increased it at the resentencing hearing. Although the court could have properly reconfigured the sentence on the two counts in the new offenses case to arrive at a sentence identical in length to the one it had originally imposed, it did not do so. By increasing the length of the sentence that Mr. Nickerson *118 had already begun to serve in the probation case, the trial court contravened double jeopardy principles.

CONCLUSION
For the reasons stated, we reverse the sentences imposed by the trial court, and we remand these cases to the trial court for a second resentencing hearing. Upon remand, we direct the trial court to reinstate the original sentence imposed in the probation case (01-2990). Further, the trial court shall conduct a sentencing hearing in the new offenses case (02-5091). Mr. Nickerson shall have the right to be represented by counsel at the sentencing hearing unless he waives that right.
Reversed and remanded with directions.
LaROSE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.