SILBERMAN, Judge.
Ronald James Daly appeals his sentence for burglary of a dwelling with assault or battery imposed at a resentencing hearing after the postconviction court granted his motion for postconviction relief. Because, as the State concedes, Daly was resen-tenced without counsel, we reverse his sentence and remand for another resentenc-ing hearing.
A criminal defendant has the right to the assistance of counsel at a resentencing hearing when the original sentencing error was a judicial error rather than a clerical error. See Nickerson v. State, 927 So.2d 114, 117 (Fla. 2d DCA 2006); see also Wells v. State, 789 So.2d 1092, 1093 (Fla. 2d DCA 2001) (“An indigent prisoner is entitled to the appointment of counsel at resentencing following a successful motion for postconviction relief.”). Here, the postconviction court granted relief based on a judicial error in sentencing but resentenced Daly without the assistance of counsel. Daly did not waive his right to counsel. In fact, he told the postconviction court that he wanted but could not afford counsel. The court did not address Daly’s indigency or appoint counsel for resentencing even though the court had previously appointed counsel for Daly and subsequently appointed counsel for this appeal.
Therefore, we reverse Daly’s sentence and remand for a resentencing hearing at which Daly shall have the right to be represented by counsel, unless he waives that right. See Nickerson, 927 So.2d at 118.
Reversed and remanded for resentenc-ing.
KELLY and WALLACE, JJ., Concur.