*303
 
 PER CURIAM.
 

 Roger Mansfield seeks certiorari review of the trial court’s amended order denying his second amended motion to determine partial indigency for purposes of costs.
 
 [1]
 
 We grant Mansfield’s petition and quash the lower court’s order.
 

 Mansfield was arrested and charged with three counts of sexual battery and three counts of lewd and lascivious molestation. After three and a half months in jail, he posted a $135,000 surety bond and was released. Mansfield and members of his family contributed to pay the $13,500 bond premium. Mansfield also retained private counsel for a fee of $25,000, plus costs.
 

 After extensive discovery, Mansfield claimed to have exhausted his financial resources and asserted that he was unable to afford the costs associated with the completion of several depositions. Mansfield asked the trial court to declare him indigent for the purposes of costs. In denying Mansfield’s motion, the trial court concluded that “it [was] not reasonable for [Mansfield] to expend substantial financial resources on bond and a retainer and then plead poverty for court costs.”
 

 There is no doubt that Mansfield’s ability to post a substantial bond and enter into a retainer agreement with private counsel are two of the relevant factors that the trial court is expressly directed to consider in determining indigency for costs.
 
 See
 
 §§ 27.52(4)(a); (5)(b)3., Fla. Stat. (2008). However, they are not the only factors for the trial court’s consideration.
 
 See Pittman v. State,
 
 488 So.2d 143, 144 (Fla. 5th DCA 1986). Instead, the trial court is tasked with considering each of the factors articulated in section 27.52 in order to achieve “as complete a financial picture as possible....”
 
 [2]
 

 Siplen v. State,
 
 473 So.2d 793, 794 (Fla. 5th DCA 1985) (quoting
 
 Enrique v. State,
 
 408 So.2d 635, 638 (Fla. 3d DCA 1981)).
 

 Mansfield was able to post his bond and retain counsel more than one year prior to his request to be declared indigent for purposes of costs. The relevant inquiry turns on the defendant’s financial situation at the time that he seeks public assistance, assuming he has not transferred assets or impoverished himself in an effort to become indigent. The record here reflects that at the time Mansfield filed his affidavit of insolvency, he had depleted what remained of his financial resources and was insolvent.
 
 [3]
 
 The trial court should have considered,
 
 inter alia,
 
 Mansfield’s
 
 current
 
 financial picture irrespective of his
 
 prior
 
 ability to enter into a retainer agreement and post a bond.
 
 See, e.g., Ogden v. State,
 
 666 So.2d 239 (Fla. 2d DCA 1996). For these reasons, we grant the petition and quash the order.
 

 PETITION FOR WRIT OF CERTIO-RARI GRANTED; ORDER QUASHED.
 

 MONACO, C.J., ORFINGER and TORPY, JJ., concur.
 

 [1]
 

 . By prior order, this Court partially denied Mansfield’s petition to the extent that he sought to quash the trial court's order denying his motion to exclude the victim advocate from appearing at the victim’s deposition.
 

 [2]
 

 .
 
 See Ramirez v. State,
 
 779 So.2d 364, 365 (Fla. 2d DCA 2000) ("[I]t is well-established that the question whether an adult defendant is indigent ... must turn on his own financial abilities, and not on the willingness of others to devote their own resources to his plight.”).
 

 [3]
 

 .Upon receipt of Mansfield's affidavit of insolvency with respect to the instant petition, this Court determined that Mansfield was indigent in accordance with law.