BLUE, Judge.
In this appeal, Joseph Lee Blankenbaker appeals the denial of his motion to correct sentence. He contends that once the county court announced that it would not impose incarceration and denied him a jury trial, the court could not impose a jail sentence upon a subsequent violation of probation. Although the county court denied Blankenbaker relief, it certified a question of great public importance. As discussed below, we answer the question in the negative and remand for further proceedings.
Blankenbaker was originally charged in county court with reckless driving. The county judge entered a pretrial order stating that in the event of a conviction, incarceration would not be imposed. In light of that order, whether Blankenbaker in fact demanded a jury trial is not an issue. Based on that order, and in accordance with section 918.0157, Florida Statutes (1997), the county court held a nonjury trial. Blankenbaker was convicted and placed on probation.
Blankenbaker was subsequently charged with violating his probation. After an evidentiary hearing, the court found that Blankenbaker had violated his probation and sentenced him to thirty days of weekend work release in the county jail. Blankenbaker then filed a “motion to correct sentence or motion for arrest of judgment or, alternatively, suggestion to certify question as one of great public importance.” In his motion, Blankenbaker requested the court to delete the imposition of incarceration, claiming that incarceration was not a sentencing option because the trial court had denied him a jury trial on the underlying offense based on the court’s “order of non-imprisonment.”
In his order denying Blankenbaker’s motion to correct sentence, the county court judge certified the following issue to this court as one of great public importance, pursuant to Florida Rule of Appellate Procedure 9.160:
WHEN A COUNTY COURT DENIED A DEFENDANT HIS RIGHT TO A JURY TRIAL PURSUANT TO SECTION 918.0157, MAY IT INITIALLY IMPOSE PROBATION UPON A FINDING OF GUILT AND LATER, UPON A SUB-SEQUENT FINDING OF VIOLATION OF PROBATION, ADJUDICATE GUILT AND IMPOSE IMPRISONMENT?
We have accepted jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A).
At the outset, it is important to point out that a constitutional right to jury trial is not involved. The question we address is *575 a unique right established by the Florida Legislature and codified as follows:
Right to trial by jury. — In each prosecution for a violation of a state law or a municipal or county ordinance punishable by imprisonment, the defendant shall have, upon demand, the right to a trial by an impartial jury in the county where the offense was committed, except as to any such prosecution for a violation punishable for a term of imprisonment of 6 months or less, if at the time the case is set for trial the court announces that in the event of conviction of the crime as charged or of any lesser included offense a sentence of imprisonment will not be imposed and the defendant will not be adjudicated guilty, unless a right to trial by jury for such offense is guaranteed under the State or Federal Constitution.
§ 918.0157. There are no appellate court opinions directly addressing this issue. There is guidance from opinions dealing with the constitutional right to counsel;[1] however, as pointed out above, the issue presented to this court does not involve a constitutional right, but rather a statutory right created by the Florida Legislature. Additionally, we point out that here, the trial court initiated the procedure waiving the jury trial.
Applying the clear language of the statute, we conclude that once a county court has ordered that a defendant will not be incarcerated and denied that defendant a jury trial based on that commitment, it may not later impose incarceration for a violation of probation. Additionally, section 948.06(1), Florida Statutes (1997), provides that upon a revocation of probation, the trial court may “impose any sentence which it might have originally imposed before placing the probationer or offender on probation.” Because the “order of non-imprisonment” eliminated incarceration as a sentence for the underlying offense, incarceration could not be imposed on a subsequent violation of probation.
Accordingly, we answer the certified question in the negative, reverse the denial of Blankenbaker’s motion to correct sentence, and remand with directions for the trial court to resentence Blankenbaker to a sentence that does not include incarceration.
THREADGILL, A.C.J., and PARKER, J., Concur.

. See, e.g., United States v. Foster, 904 F.2d 20 (9th Cir.1990) (stating that where imprisonment could not have been imposed on a defendant on the underlying offense because he was not represented by counsel, imprisonment could not be imposed on him following revocation of that probation), and cases cited therein.