773 So.2d 627 (2000)
Laknerick HARRIS, a/k/a Lakenricks Harris, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-2882.
District Court of Appeal of Florida, Fourth District.
December 13, 2000.
*628 Alan H. Schreiber, Public Defender, and Debra A. Bookout, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
The circuit court, sitting in its appellate capacity, affirmed the county court's revocation of petitioner's probation and sentenced petitioner to sixty days in jail. Petitioner argues that this was a departure from the essential requirements of law and a miscarriage of justice because he was denied a jury trial and appointed counsel in his original trial. Because a jail sentence could not be imposed on him on the original charge, a jail sentence cannot now be imposed for his violation of probation. We agree and grant the petition.
Petitioner was originally charged with one count of battery and one count of resisting arrest without violence. Battery and resisting arrest without violence are both punishable by a term of imprisonment not to exceed one year. §§ 784.03(1), 843.02, 775.082(4)(a), Fla. Stat. (1997). When the case was called, the trial court announced to the pro se petitioner that "based upon the State's representations, you're not going to go to jail, no matter what the outcome. So we're going to set this up for a non-jury trial." Counsel was not appointed, and petitioner proceeded to trial pro se, after which the court found him not guilty of battery but guilty of resisting arrest without violence. The court withheld adjudication and placed him on probation for six months. The court cautioned the defendant that should he violate his probation, that could result in his going to jail.
Petitioner violated his probation, admitted the violation, and appeared before the court on a violation of probation hearing. Now represented by the public defender, he argued that the court could not impose a jail term because the state had certified that no jail time would be sought. Further, he argued that he was denied the *629 right to a jury trial and appointed counsel at the bench trial. Nevertheless, the trial court sentenced petitioner to sixty days in jail.
On appeal to the circuit court, the county court's sentence was affirmed. The circuit court determined that both the argument that defendant was denied a jury trial and denied counsel were issues connected with the original proceedings which were not appealed and thus were waived. Secondly, petitioner contended that the trial court could not impose incarceration because of the court's statement at the original trial that petitioner would not face incarceration. The circuit court determined that because the county court could have imposed any sentence on violation of probation which might originally have been imposed, and the maximum sentence for resisting arrest without violence was one year, the sentence of the county court was within the limitations set by statute.
The circuit court departed from the essential requirements of law in its ruling by concluding that in the original proceeding the trial court could have imposed a one year sentence for resisting arrest. Based upon the original charges, petitioner was entitled to both a jury trial and the appointment of counsel because he faced imprisonment in excess of six months. See Whirley v. State, 450 So.2d 836, 838 (Fla.1984)(crime with punishment of less than six months is not entitled to trial by jury); Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972)(absent knowing and intelligent waiver, no person may be imprisoned for an offense, whether a misdemeanor or a felony, unless he was represented by counsel at trial). There is no indication in any of the transcripts that petitioner waived either of these rights. Because they were not provided, no imprisonment on the original charges could have been imposed.
We are aware of no case, rule, or statute that allows the state to "certify" that it will not seek imprisonment and thus deny a defendant the right to a jury trial. Florida Rule of Criminal Procedure 3.111.(b)(1) permits a judge to deny indigent persons counsel for a misdemeanor, "if the judge, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if convicted." It does not appear that any statement was filed. In addition, section 918.0157 provides that a defendant is entitled to a jury trial "except as to any such prosecution for a violation punishable for a term of imprisonment of 6 months or less, if at the time the case is set for trial the court announces that in the event of conviction of the crime as charged... a sentence of imprisonment will not be imposed and the defendant will not be adjudicated guilty...." (Emphasis added). Although the charges against petitioner did not qualify for this waiver, we conclude that the court must have been relying on this section in announcing that the jury trial was waived, and no imprisonment would be ordered.
In Blankenbaker v. State, 744 So.2d 573, 575 (Fla. 2d DCA 1999), the second district held that pursuant to section 918.0157 "once a county court has ordered that a defendant will not be incarcerated and denied that defendant a jury trial based on that commitment, it may not later impose incarceration for a violation of probation." The court concluded that while section 948.06(1), allows a trial court to "impose any sentence which it might have originally imposed before placing the probationer or offender on probation," the "order of non-imprisonment" eliminated incarceration as a penalty for the underlying offense and thus removed it as a possibility for any probation violation. Id. at 575. Blankenbaker is directly on point and should have been followed by the circuit court. See Pardo v. State, 596 So.2d 665, 666 (Fla. 1992)("in the absence of interdistrict conflict, district court decisions bind all Florida trial courts.").
Even if the county court's denial of the right to a jury trial and of counsel at trial were not considered a statutory violation *630 as in Blankenbaker, the court still could not impose imprisonment upon violation of probation because it could not have imposed it originally. See United States v. Foster, 904 F.2d 20, 21 (9th Cir. 1990)(where imprisonment could not have been imposed on a defendant on the underlying offense because he was not represented by counsel, imprisonment could not be imposed on him following revocation of that probation).
Finally, the circuit court erred in concluding that these issues were waived by the failure to appeal the original sentence. There was nothing illegal or unlawful about the original sentence because no imprisonment had been imposed. It was only upon revocation of probation that the unlawful imprisonment was imposed.
Based upon the foregoing, we grant the petition, quash the opinion of the circuit court sitting in its appellate capacity, and remand with directions for the county court to resentence petitioner to a sentence that does not include incarceration.
STEVENSON and TAYLOR, JJ., concur.