797 So.2d 4 (2001)
Ernesto TUR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-1409.
District Court of Appeal of Florida, Third District.
January 10, 2001.
*5 Bennett H. Brummer, Public Defender and John E. Morrison, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Fredericka Sands, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GERSTEN, and GREEN, JJ.
PER CURIAM.
This is an appeal from an order of the county court sentencing appellant, Ernesto Tur, to jail after the revocation of his probationary sentence for driving under the influence ("D.U.I.") and certifying the following two questions to this court as issues of great public importance:
IF A DEFENDANT IS SENTENCED TO A TERM OF PROBATION AFTER AN UNCOUNSELED PLEA PURSUANT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.111(b)(1), MAY THAT DEFENDANT BE SENTENCED TO INCARCERATION AFTER BEING FOUND IN VIOLATION OF THAT PROBATION?
IN ORDER TO SENTENCE A DEFENDANT TO INCARCERATION AFTER AN UNCOUNSELED PLEA PURSUANT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.111(b)(1), IS IT REQUIRED THAT THE DEFENDANT HAVE BEEN ADVISED OF THAT POSSIBLE CONSEQUENCE DURING THE PLEA COLLOQUY?
We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.160(d). We answer the first question in the negative and in so doing, we render the second question moot.
On September 3, 1999, Tur was arrested and charged with D.U.I. in violation of section 316.193 (1999). On the next day, he appeared before the court which found him to be indigent and appointed the office of the public defender to represent him in this case. The public defender elected to participate in discovery and demanded a trial by jury.
On October 1, 1999, Tur again appeared before the court. At that time, the trial court asked the prosecutor whether the state was seeking jail time for Tur. When the prosecutor responded in the negative, the trial court, noting that is was Tur's first D.U.I. offense, sua sponte discharged Tur's public defender. See § 27.512, Fla. Stat. (1999). Tur then pled nolo contendere to the charge after a plea colloquy with the court pursuant to Florida Rule of Criminal Procedure 3.172(c). The court then accepted Tur's plea, adjudicated him guilty and sentenced him to the minimum mandatory sentence for a first D.U.I. charge, which included six months of probation. See § 316.193(2)(a)1 & (6)(a), Fla. Stat. (1999). Tur was not advised of a possible jail sentence if he violated probation.
An affidavit of probation violation was filed against Tur. When he appeared before *6 the court to answer the charge, the court reappointed the office of the public defender to represent him. Thereafter, the public defender admitted the probation violation on behalf of Tur, but argued that the court could not impose any jail sentence because Tur was not represented by counsel when he initially pled to the D.U.I. charge in this case. The trial court revoked the probation and determined that it could impose a jail sentence in this case and did in fact do so.[1] The court, however, certified two issues of great public importance to us and stayed Tur's jail sentence pending this appeal.
Pursuant to Florida Rule of Criminal Procedure 3.111(b)(1), an indigent defendant may be denied counsel for a misdemeanor "if the judge prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if convicted." Although the record in this case does not reflect that any statement was filed by the court, Tur nevertheless maintains on this appeal that his uncounseled plea to the D.U.I. charge may not result in a jail sentence upon the violation of his probationary sentence for that charge. We agree.
Recently, the fourth district squarely addressed this issue in Harris v. State, 773 So.2d 627 (Fla. 4th DCA 2000). There, the court held that where a jail sentence could not be imposed upon a defendant on the underlying charge because he was not represented by counsel, a jail sentence could not thereafter be imposed on him following revocation of that probation. Harris, 773 So.2d at 629. See also United States v. Foster, 904 F.2d 20 (9th Cir.1990); United States v. Sultani, 704 F.2d 132, 134 (4th Cir.1983); United States v. White, 529 F.2d 1390, 1394 (8th Cir. 1976); Blankenbaker v. State, 744 So.2d 573 (Fla. 2d DCA 1999). Indeed, Tur correctly points out that sentencing after a probation revocation is merely a "deferred sentencing proceeding." See Green v. State, 463 So.2d 1139, 1140 (Fla.1985). Pursuant to section 948.06(1), Fla. Stat. (1999), upon a revocation of probation the court "shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, ..., and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control." Since the trial court could not have sentenced Tur to jail upon his uncounseled plea to the charge on October 1, 1999, it could not later do so at his "deferred sentencing" for probation violation.
For the foregoing reasons, we reverse the order imposing a jail sentence upon Tur and remand with directions for the county court to resentence him to an appropriate sentence that does not include jail time. See Harris, supra.
Reversed and remanded with directions.
NOTES
[1] Tur was sentenced to 180 days in jail which would be mitigated to 5 days upon his surrender after this appeal.