PER CURIAM.
The Florida Bar’s Rules of Criminal Procedure Committee (Rules Committee) has filed its biennial report of regular-cycle proposed rules changes in accordance with Florida Rule of Judicial Administration 2.130(c)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Rules Committee proposes amendments to Florida Rules of Criminal Procedure 3.111, Providing Counsel to Indigents; 3.170, Pleas; 3.190, Pretrial Motions; and 3.361, Witness Attendance and Subpoenas. The Rules Committee also proposes new rule 3.994, Order Certifying No Incarceration. The Rules Committee submitted its proposals to the Board of Governors of The Florida Bar and the Board unanimously approved the proposals. See Fla. R. Jud. Admin. 2.130(c)(2)-(3). The proposals were published for comment, and one comment was received addressing the proposed amendments to rule 3.111 and proposed new rule 3.994. After hearing oral argument, the Court asked the Rules Committee to file a supplemental report addressing several issues of concern relative to the discharge of court-appointed counsel upon the issuance of an order of no incarceration. The Rules Committee filed its supplemental report on July 1, 2002. Due to time constraints, the revised proposals were not considered by the Board of Governors.[1] The revised proposals were published for comment, and two comments were received.
After reviewing the Rules Committee’s proposals, hearing oral argument, and considering the comments filed, we adopt the amendments to rules 3.170, 3.190, and 3.361 as proposed in the Rules Committee’s original report. We also adopt the revised amendments to rule 3.111 and re *925 vised new rule 3.994 as proposed in the committee’s supplemental report, with a minor modification suggested by the Florida Public Defender Association.[2] The major substantive amendments are summarized below.
AMENDMENTS
The amendments to rule 3.111, Providing Counsel to Indigents, and the 2002 committee note to that rule provide guidance to the trial courts regarding the discharge of court-appointed counsel in prosecutions for misdemeanors or violations of municipal ordinances in which the court issues an order certifying that there will be no incarceration. New rule 3.994, Order Certifying No Incarceration, was originally included, under another title, with the Rules Committee’s regular-cycle report of proposed rule changes for the year 2000. At the Rules Committee’s request, the Court postponed consideration of the proposed new rule in order to allow for further study of several issues of concern. See Amendments to Fla. Rules of Crim. Pro., 794 So.2d 457, 457 n. 1 (Fla.2000). The Rules Committee’s revised amendments to rule 3.111 and revised new rule 3.994 address those concerns as well as several relevant recent decisions.
The first concern addressed by the amendments is whether court-appointed counsel should be discharged merely upon notification that the State is not seeking incarceration. As amended, rule 3.111(b)(1) specifically gives the trial court the discretion not to discharge court-appointed counsel even if it determines that it will not incarcerate the defendant following a plea or a finding of guilt. Amended subdivision (b)(1)(A) provides that if the court issues an order of no incarceration after counsel has been appointed, it “may discharge appointed counsel unless the defendant is incarcerated or the defendant would be substantially disadvantaged by the discharge.” These amendments clarify that it is ultimately the trial court’s determination whether to discharge court-appointed counsel. According to the Rules Committee, the amendments also recognize that situations may arise in which due process concerns justify court-appointed counsel’s continued representation of the defendant, consistent with this Court’s pronouncement in State v. Ull, 642 So.2d 721 (Fla.1994). The 2002 committee note to rule 3.111 sets forth the factors the trial court should consider as delineated in Ull.
Another concern addressed by new rule 3.994, Order Certifying No Incarceration, and the revised amendments to rule 3.111 is the practice of the state announcing it is not seeking incarceration of a defendant in custody and the court immediately discharging court-appointed counsel and continuing the case for another date, thereby leaving the defendant in custody without the benefit of counsel. See Hardy v. State, 776 So.2d 962 (Fla. 3d DCA 2000) (when indigent defendant is incarcerated prior to trial, counsel must be appointed notwithstanding certification that no jail time will be served upon conviction). When originally proposed, new rule 3.994 was entitled “Order of No Imprisonment.” As adopted, the rule 3.994 form is renamed “Order Certifying No Incarceration” and the term “imprisonment” is replaced with the term “incarceration” throughout amended rule 3.111. The Rules Committee made these revisions because it felt the term “incar *926 ceration” is more readily understood to mean being held in custody prior to trial as well as serving a jail sentence imposed after a plea or trial. As noted above, under amended subdivision (b)(1)(A), if the court issues an order of no incarceration after counsel has been appointed, the court may not discharge appointed counsel if the defendant is incarcerated. Consistent with this amendment, the rule 3.994 order certifying no incarceration contains a finding that the defendant is not incarcerated pending trial. Amended rule 3.111(b)(1) also requires the court to file an order of no incarceration at least fifteen days before trial, thereby preventing the court from discharging court-appointed counsel immediately before trial. However, the fifteen-day requirement may be waived by the defendant or defense counsel.
The amendment to rule 3.111 and new rule 3.994 also address the concern that a defendant who is placed on probation after an order of no incarceration is issued and whose counsel is discharged will be incarcerated after a probation violation. As amended, rule 3.111(b)(1) specifically requires the trial court to certify in its order of no incarceration that the defendant will not be incarcerated pending a probation violation hearing or as part of a sentence after probation revocation. The Rules Committee proposed this amendment in response to recent decisions in Alabama v. Shelton, 535 U.S. 654, 122 S.Ct. 1764, 1767, 152 L.Ed.2d 888 (2002) (Sixth Amendment forbids imposition of suspended sentence that may “end up in the actual deprivation of a person’s liberty” unless defendant is accorded “the guiding hand of counsel”); Tur v. State, 797 So.2d 4 (Fla. 3d DCA 2001) (where jail sentence could not be imposed because defendant was not represented by counsel, a jail sentence cannot thereafter be imposed following revocation of probation); and Harris v. State, 773 So.2d 627 (Fla. 4th DCA 2000) (same), which are discussed in the 2002 committee note to rule 3.111. Finally, subdivision (b)(1)(C) is amended to provide that the court may not withdraw its order of no incarceration once the defendant has been found guilty or pled nolo contendere.
Rule 3.170, Pleas, is amended to change the reference to Florida Rule of Appellate Procedure 9.140 to correctly identify the appropriate subdivision of that rule.
In response to the Court’s request in State v. Gaines, 770 So.2d 1221, 1228-29 (Fla.2000), the Rules Committee has added the following committee note to rule 3.190, Pretrial Motions:
If the trial court exercises its discretion to consider the motion to suppress during trial, the court may withhold ruling on the merits of the motion, and motion for a judgment of acquittal, and allow the case to be submitted to the jury. If the defendant is acquitted, no further proceedings regarding the motion to suppress or motion for a judgment of acquittal would be necessary. However, if the jury finds the defendant guilty of the crime charged, the trial court could then consider the motion to suppress post-trial in conjunction with the defendant’s renewed motion for a judgment of acquittal or motion for new trial.
Finally, rule 3.361, Witness Attendance and Subpoenas, is amended to simplify the rule. Subdivision (a), Attendance, is eliminated, existing subdivisions (b) through (d) are renumbered, and a new subdivision (d), Attendance and Enforcement, is created. These changes provide a single contempt provision for violation of any provision of rule 3.361. The changes also clarify that any subpoena issued by an attorney of record or the clerk of court is enforceable through the court’s contempt power and that the attendance requirement for sub *927 poenas is applicable to the production of evidence as well as testimony.
Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struek-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2003, at 12:01 a.m.
It is so ordered.
ANSTEAD, C.J., and SHAW, WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., concur.
APPENDIX
RULE 3.111. PROVIDING COUNSEL TO INDIGENTS
(a) When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when the person is formally charged with an offense, or as soon as feasible after custodial restraint, or at the first appearance before a committing magistrate, whichever occurs earliest.
(b) Cases Applicable.
(1) Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by imprisonment (or by incarceration in a juvenile corrections institution)incarceration including appeals from the conviction thereof. In the discretion of the court, Gcounsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, before — teiahatjeas^l^daj^prioí^^tóah files in the cause a statement in writing that the -defendant-will not-be-imprisoned if convicteda written order of no incarceration certifying that the defendant will not be incarcerated in the case pending trial or probation violation hearing, or as part of a sentence after trial, guilty or nolo conten-dere plea, or probation revocation. This 15-day requirement may be waived by the defendant or defense counsel.
(A) If the court issues an order of no incarceration after counsel has been appointed to represent the defendant, the court may discharge appointed counsel unless the defendant is incarcerated or the defendant would be substantially disadvantaged by the discharge of appointed counsel.
(B) If the court determines that the defendant would be substantially disadvantaged by the discharge of appointed counsel, the court shall either:
i. not discharge appointed counsel; or
ii. discharge appointed counsel and allow the defendant a reasonable time to obtain private counsel, or if the defendant elects to represent himself or herself, a reasonable time to prepare for trial.
(C) If the court withdraws its order of no incarceration, it shall immediately appoint counsel if the defendant is otherwise eligible for the services of the public defender. The court may not withdraw its order of no incarceration once the defendant has been found guilty or pled nolo contendere.
(2) Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including postconviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings that are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.
*928 (3) Counsel may be provided to a partially indigent person on request, provided that the person shall defray that portion of the cost of representation and the reasonable costs of investigation as he or she is able without substantial hardship to the person or the person’s family, as directed by the court.
(4) “Indigent” shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to the person or the person’s family; “partially indigent” shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to the person or the person’s family.
(5) Before appointing a public defender, the court shall:
(A) inform the accused that, if the public defender is appointed, a lien for the services rendered by the public defender may be imposed under section 27.56, Florida Statutes;
(B) make inquiry into the financial status of the accused in a manner not inconsistent with the guidelines established by section 27.52, Florida Statutes. The accused shall respond to the inquiry under oath;
(C) require the accused to execute an affidavit of insolvency in the format provided by section 27.52, Florida Statutes,
(c) Duty of Booking Officer. In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1)The officer shall immediately advise the defendant:
(A) of the right to counsel;
(B) that, if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
(2) If the defendant requests counsel or advises the officer that he or she cannot afford counsel, the officer shall immediately and effectively place the defendant in communication with the (office of) public defender of the circuit in which the arrest was made.
(3) If the defendant indicates that he or she has an attorney or is able to retain an attorney, the officer shall immediately and effectively place the defendant in communication with the attorney or the Lawyer Referral Service of the local bar association.
(4) The public defender of each judicial circuit may interview a defendant when contacted by, or on behalf of, a defendant who is, or claims to be, indigent as defined by law.
(A) If the defendant is in custody and reasonably appears to be indigent, the public defender shall tender such advice as is indicated by the facts of the case, seek the setting of a reasonable bail, and otherwise represent the defendant pending a formal judicial determination of indigency.
(B) If the defendant is at liberty on bail or otherwise not in custody, the public defender shall elicit from the defendant only the information that may be reasonably relevant to the question of indigency and shall immediately seek a formal judicial determination of indigen-cy. If the court finds the defendant indigent, it shall immediately appoint counsel to represent the defendant.
(d) Waiver of Counsel.
(1) The failure of a defendant to request appointment of counsel or the announced intention of a defendant to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
*929 (2) A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been. completed and a thorough inquiry has been made into both the accused’s comprehension of that offer and the accused’s capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation. *
(3) Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than 2 attesting witnesses. The witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
(e) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after:
(1)the filing of:
(A) a notice of appeal;
(B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(C) directions to the clerk, if necessary; and
(D) a designation of that portion of the reporter’s transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
(2) substitute counsel has been obtained or appointed, or a statement has been filed with the appellate court that the appellant has exercised the right to self-representation. In publicly funded cases, the public defender for the local circuit court shall be appointed initially until the record is transmitted to the appellate court; or
(3) the time has expired for filing of a notice of appeal, and no notice has been filed.
Orders allowing withdrawal of counsel are conditional, and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error that the lower tribunal is authorized to address during the pendency of the direct appeal under rule 3.800(b)(2).
Committee Notes
1972 Adoption. Part 1 of the ABA Standard relating to providing defense services deals with the general philosophy for providing criminal defense services and while the committee felt that the philosophy should apply to the Florida Rules of Criminal Procedure, the standards were not in such form to be the subject of that particular rule. Since the standards deal with the national situation, contained in them were alternative methods of providing defense services, i.e., assigned counsel vs. defender system; but, Florida, already having a defender system, need not be concerned with the assigned counsel system.
*930 (a) Taken from the first sentence of ABA Standard 5.1. There was considerable discussion within the committee concerning the time within which counsel should be appointed and who should notify defendant’s counsel. The commentary in the ABA Standard under 5.1a, b, convinced the committee to adopt the language here contained.
(b) Standard 4.1 provides that counsel should be provided in all criminal cases punishable by loss of liberty, except those types where such punishment is not likely to be imposed. The committee determined that the philosophy of such standard should be recommended to the Florida Supreme Court. The committee determined that possible deprivation of liberty for any period makes a case serious enough that the accused should have the right to counsel.
(c) Based on the recommendation of ABA Standard 5.1b and the commentary thereunder which provides that implementation of a rule for providing the defendant with counsel should not be limited to providing a means for the accused to contact a lawyer.
(d) From standard 7.2 and the commentaries thereunder.
1980 Amendment. Modification of the existing rule (the addition of (b)(5)(A)-(C)) provides a greater degree of uniformity in appointing counsel to indigent defendants. The defendant is put on notice of the lien for public defender services and must give financial information under oath.
A survey of Florida judicial circuits by the Committee on Representation of Indigents of the Criminal Law Section (1978-79) disclosed the fact that several circuits had no procedure for determining indigen-cy and that there were circuits in which no affidavits of insolvency were executed (and no legal basis for establishing or collecting lien monies).
1992 Amendment. In light of State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990), in which the supreme court pronounced that motions seeking belated direct appeal based on ineffective assistance of counsel should be filed in the trial court pursuant to rule 3.850, the committee recommends that rule 3.111(e) be amended to detail with specificity «defense counsel’s duties to perfect an appeal prior to withdrawing after judgment and sentence. The present provision merely notes that such withdrawal is governed by Florida Rule of Appellate Procedure 9.140(b)(3).
1998 Amendment. The amendments to (d)(2)-(3) were adopted to reflect State v. Bowen, 698 So.2d 248 (Fla.1997), which implicitly overruled Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), rev’d on other grounds 216 So.2d 749 (Fla.1968). See Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir.1986), for a list of factors the court may consider. See also McKaskle v. Wiggins, 465 U.S. 168,104 S.Ct. 944, 79 L.Ed.2d 122 (1984), and Savage v. Estelle, 924 F.2d 1459 (9th Cir.1990), cert. denied 501 U.S. 1255, 111 S.Ct. 2900, 115 L.Ed.2d 1064 (1991), which suggest that the defendant’s right to self-representation is limited when the defendant is not able or willing to abide by the rules of procedure and courtroom protocol.
2000 Amendment. This rule applies only to judicial proceedings and is inapplicable to investigative proceedings and matters. See rule 3.010.
2002 Amendment. Indigent defendants are entitled to counsel if they are either currently in custody or might be incarcerated in their case. See Alabama v. Shelton, 535 U.S. 654, 122 S.Ct. 1764, 1767, 152 L.Ed.2d 888 (2002) (Sixth Amendment forbids imposition of suspended sentence that *931 may “end up in the actual deprivation of a person’s liberty” unless defendant accorded “the guiding hand of counsel”). See also Tut v. State, 797 So.2d 4 (Fla. 3d DCA 2001) (uncounseled plea to criminal charge cannot result in jail sentence based on violation of probationary sentence for that charge); Harris v. State, 773 So.2d 627 (Fla. 4th DCA 2000).
Discharge of the public defender based on an order certifying no incarceration that is entered after the public defender has already spent considerable time and resources investigating the case and preparing a defense may leave the defendant “in a position worse than if no counsel had been appointed in the first place.” State v. Ull 642 So.2d 721, 724 (Fla.1994).
In determining whether a defendant’s due process rights would be violated by the discharge of the public defender, the court should consider all of the relevant circumstances, including, but not limited to:
L The stage of the proceedings at which the order of no incarceration is entered.
2. The extent of any investigation and pretrial preparation by the public defender.
3. Any prejudice that might result if the public defender is discharged.
4. The nature of the case and the complexity of the issues.
5. The relationship between the defendant and the public defender.
Counsel may be provided to indigent persons in all other proceedings in, or arising from, a criminal case and the court should resolve any doubts in favor of the appointment of counsel for the defendant. See Graham v. State, 372 So.2d 1363, 1365 (Fla.1979).
See form found at Fla.R.Crim.P. 3.994,
RULE 3.170. PLEAS
(a) Types of Plea; Court’s Discretion. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. Except as otherwise provided by these rules, all pleas to a charge shall be in open court and shall be entered by the defendant. If the sworn complaint charges the commission of a misdemeanor, the defendant may plead guilty to the charge at the first appearance under rule 3.130, and the judge may thereupon enter judgment and sentence without the necessity of any further formal charges being filed. A plea of not guilty may be entered in writing by counsel. Every plea shall be entered of record, but a failure to enter it shall not affect the validity of any proceeding in the cause.
(b) Pleading to Other Charges. Having entered a plea in accordance with this rule, the defendant may, with the court’s permission, enter a plea of guilty or nolo contendere to any and all charges pending against him or her in the State of Florida over which the court would have jurisdiction and, when authorized by law, to charges pending in ra court of lesser jurisdiction, if the prosecutor in the other case or cases gives written consent thereto. The court accepting such a plea shall make a disposition of all such charges by judgment, sentence, or otherwise. The record of the plea and its disposition shall be filed in the court of original jurisdiction of the offense. If a defendant secures permission to plead to other pending charges and does so plead, the entry of such a plea shall constitute a waiver by the defendant of venue and all nonjurisdictional defects relating to such charges.
*932 (c) Standing Mute or Pleading Evasively. If a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered.
(d) Failure of Corporation to Appear. If the defendant is a corporation and fails to appear, a plea of not guilty shall be entered of record.
(e) Plea of Not Guilty; Operation in Denial. A plea of not guilty is a denial of every material allegation in the indictment or information on which the defendant is to be tried.
(f) Withdrawal of Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.
(g) Vacation of Plea and Sentence Due to Defendant’s Noncompliance.
(1) Whenever a plea agreement requires the defendant to comply with some specific terms, those terms shall be expressly made a part of the plea entered into in open court.
(2) Unless otherwise stated at the time the plea is entered:
(A)The state may move to vacate a plea and sentence within 60 days of the defendant’s noncompliance with the specific terms of a plea agreement.
(B) When a motion is filed pursuant to subdivision (g)(2)(A) of this rule, the court shall hold an evidentiary hearing on the issue unless the defendant admits noncompliance with the specific terms of the plea agreement.
(C) No plea or sentence shall be vacated unless the court finds that there has been substantial noncompliance with the express plea agreement.
(D) When a plea and sentence is vacated pursuant to this rule, the cause shall be set for trial within 90 days of the order vacating the plea and sentence.
(h) Plea of Guilty to Lesser Included Offense or Lesser Degree. The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged that is included in the offense charged in the indictment or information or to any lesser degree of the offense charged.
(i) Plea of Guilty to an Offense Divided into Degrees; Determination of the Degree. When an indictment or information charges an offense that is divided into degrees without specifying the degree, if the defendant pleads guilty, generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty.
(j) Time and Circumstances of Plea. No defendant, whether represented by counsel or otherwise, shall be called on to plead unless and until he or she has had a reasonable time within which to deliberate thereon.
(k) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without the court first determining, in open court, with means of recording the proceedings steno-graphically or mechanically, that the cir- *933 cumstanees surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness and that there is a factual basis for the plea of guilty. A complete record of the proceedings at which a defendant pleads shall be kept by the court.
(I) Motion to Withdraw the Plea after Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(-B-)(i)-#XA)(ii)(a)-(e).
Committee Notes
1968 Adoption.
(a) Patterned after the major portion of Federal Rule of Criminal Procedure 11.
(b) Same as section 909.07, Florida Statutes, except the word “made” is substituted for “pleaded.”
(c) Taken from a part of section 908.03, Florida Statutes.
(d) Taken from a part of section 908.03, Florida Statutes.
(e) Same as section 909.16, Florida Statutes, except that provision is added for trial by affidavit.
(f) Essentially the same as section 909.13, Florida Statutes.
(g) Essentially the same as section 909.09, Florida Statutes, except for the addition of the charge by affidavit.
(h) Same as section 909.11, Florida Statutes, except provision is made for a charge by affidavit.
1972 Amendment. This general topic is found in ABA Standard relating to pleas of guilty. The Standards are divided into 3 parts: receiving and acting upon a plea; withdrawal of the plea; and plea discussions and plea agreements. The first and second parts are considered under this rule.
(a) Same as first part of existing rule; substance of second sentence of existing rule transferred to new subdivision (j); new provision permits, with court approval, plea of not guilty to be made in writing.
(b) From ABA Standard 1.2; the purpose of this rule is to permit a defendant to plead guilty or nolo contendere to all cases pending against the defendant, thus avoiding multiple judicial and prosecutorial labors. New concept of permitting this procedure even though the other cases are pending in other counties is taken from Federal Rule of Criminal Procedure 20 which has successfully met the purpose explained above.
(c) Same as prior rule.
(d) Same as prior rule.
(e) Same as prior rule.
(f) Last sentence added from ABA Standard 2.2.
(g) Same as prior rule.
(h) Same as prior rule.
(i) This should be done in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Garcia v. State, 228 So.2d 300 (Fla.1969). This should also include advising a defendant so pleading of the possibility of an action or charge against him or her as a multiple felon if the circumstances so warrant.
(j) From first sentence of present rule 3.170(a) with addition of requirement of determination of factual basis for a plea of guilty as provided by last sentence of federal rule 11. While requiring the presence of a court reporter, the proposed rule does not require that the reporter transcribe *934 and file a transcript of the proceedings on a plea of guilty or nolo contendere, although the committee considers that such a requirement by the trial judge is desirable.
1973 Amendment. The purpose of this amendment is to provide a method whereby a defendant may plead guilty to a misdemeanor at first appearance without the necessity of the state attorney subsequently filing an information.
RULE 3.190. PRETRIAL MOTIONS
(a) In General. Every pretrial motion and pleading in response to a motion shall be in writing and signed by the party making the motion or the attorney for the party. This requirement may be waived by the court for good cause shown. Each motion or other pleading shall state the ground or grounds on which it is based. A copy shall be served on the adverse party. A certificate of service must accompany the filing of any pleading.
(b) Motion to Dismiss; Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) Time for Moving to Dismiss. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided shall be considered waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The defendant is charged with an offense for which the defendant has been pardoned.
(2) The defendant is charged with an offense for which the defendant previously has been placed in jeopardy.
(3) The defendant is charged with an offense for which the defendant previously has been granted immunity.
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.
The facts on which the motion is based should be alleged specifically and the motion sworn to.
(d) Traverse or Demurrer. The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be considered admitted unless specifically denied by the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss. The demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(e) Effect of Sustaining a Motion to Dismiss. If the motion to dismiss is sustained, the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the de *935 fendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody. If the defendant has been released on bail, the defendant and the sureties shall be exonerated; if money or bonds have been deposited as bail, the money or bonds shall be refunded.
(f) Order Dismissing. For the purpose of construing section 924.07(1), Florida Statutes (1969), the statutory term “order quashing” shall be taken and held to mean “order dismissing.”
(g) Motion for Continuance.
(1) Definition. A continuance within the meaning of this rule is the postponement of a cause for any period of time.
(2) Cause. On motion of the state or a defendant or on its own motion, the court may grant a continuance, in its discretion for good cause shown.
(3) Time for Filing. A motion for continuance may be made only before or at the time the case is set for trial, unless good cause for failure to so apply is shown or the ground for the motion arose after the cause was set for. trial.
(4) Certificate of Good Faith. A motion for continuance shall be accompanied by a certificate of the movant’s counsel that the motion is made in good faith.
(5) Affidavits. The party applying for a continuance may file affidavits in support of the motion, and the adverse party may file counter-affidavits in opposition to the motion.
(h) Motion to Suppress Evidence in Unlawful Search.
(1)Grounds. A defendant aggrieved by an unlawful search and seizure may move to suppress anything so obtained for use as evidence because:
(A) the property was illegally seized without a warrant;
(B) the warrant is insufficient on its face;
(C) the property seized is not the property described in the warrant;
(D) there was no probable cause for believing the existence of the grounds on which the warrant was issued; or
(E) the warrant was illegally executed.
(2) Contents of Motion. Every motion to suppress evidence shall state clearly the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting the defendant’s position and the state may offer rebuttal evidence.
(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
(i)Motion to Suppress a Confession or Admission Illegally Obtained.
(1) Grounds. On motion of the defendant or on its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
(2) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in *936 its discretion may entertain the motion or an appropriate objection at the trial.
(3)Hearing. The court shall receive evidence on any issue of fact necessary to be decided to rule on the motion.
(j) Motion to Take Deposition to Perpetuate Testimony.
(1) After the filing of an indictment or information on which a defendant is to be tried, the defendant or the state may apply for an order to perpetuate testimony. The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that the witness’s testimony is material, and that it is necessary to take the deposition to prevent a failure of justice. The court shall order a commission to be issued to take the deposition of the witnesses to be used in the trial and that any nonprivileged designated books, papers, documents, or tangible objects be produced at the same time and place. If the application is made within 10 days before the trial date, the court may deny the application.
(2) If the defendant or the state desires to perpetuate the testimony of a witness living in or out of the state whose testimony is material and necessary to the case, the same proceedings shall be followed as provided in subdivision (j)(l), but the testimony of the witness may be taken before an official court reporter, transcribed by the reporter, and filed in the trial court.
(3) If the deposition is taken on the application of the state, the defendant and the defendant’s attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep the defendant in the presence of the witness during the examination. A defendant not in custody may be present at the examination, but the failure to appear after notice and tender of expenses shall constitute a waiver of the right to be present. The state shall pay to the defendant’s attorney and to a defendant not in custody the expenses of travel and subsistence for attendance at the examination. The state shall make available to the defendant for examination and use at the deposition any statement of the witness being deposed that is in the possession of the state and that the state would be required to make available to the defendant if the witness were testifying at trial.
(4) The application and order to issue the commission may be made either in term time or in vacation. The commission shall be issued at a time to be fixed by the court.
(5) Except as otherwise provided, the rules governing the taking and filing of oral depositions, the objections thereto, the issuing, execution, and return of the commission, and the opening of the depositions in civil actions shall apply in criminal cases.
(6) No deposition shall be used or read into evidence when the attendance of the witness can be procured. If the court determines that any person whose deposition has been taken is absent because of procurement, inducement, or threats of any person on behalf of the state or of the defendant or of any person on the defendant’s behalf, the deposition shall not be read in evidence on behalf of the defendant.
(k) Motion to Expedite. On motion by the state, the court, in the exercise of its discretion, shall take into consideration the *937 dictates of sections 825.106 and 918.0155, Florida Statutes (1995).
Committee Notes
1968 Adoption, (a) New; devised by committee.
(b) Substantially the same as section 909.02, Florida Statutes, except changes name of “motion to quash” to “motion to dismiss.” This conforms to the terminology of the Federal Rules of Criminal Procedure. The statute authorizing the state to appeal from certain orders, section 924.07, Florida Statutes, should be amended by substituting the words “motion to dismiss” for “motion to quash.”
(c) Combines the substance of sections 909.01 and 909.06, Florida Statutes. Subdivision (4) affords a new remedy to an accused. Although there is now a conclusive presumption of probable cause once an indictment or information is filed (see Sullivan v. State, 49 So.2d 794 (Fla.1951)), it is felt that this rule is necessary. Primarily, this procedure will permit a pretrial determination of the law of the case when the facts are not in dispute. In a sense, this is somewhat similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to a subsequent prosecution.
(d) New; based on Marks v. State, 115 Fla. 497, 155 So. 727 (1934), and what is generally regarded as the better practice. Hearing provision based on federal rule 41(e).
(e) Combines federal rule- 12(b)(5) and section 909.05, Florida Statutes. With reference to the maximum time that a defendant will be held in custody or on bail pending the filing of a new indictment or information, the trial court is given discretion in setting such time as to both the indictment and information. This proposal differs from section 909.05, Florida Statutes, with reference to the filing of a new indictment in that the statute requires that the new indictment be found by the same grand jury or the next grand jury having the authority to inquire into the offense. If the supreme court has the authority to deviate from this statutory provision by court rule, it seems that the trial court should be granted the same discretion with reference to the indictment that it is granted concerning the information. The statute is harsh in that under its provisions a person can be in custody or on bail for what may be an unreasonable length of time before a grand jury is required to return an indictment in order that the custody or bail be continued.
(g)(1) This subdivision is almost the same as section 916.02(1), Florida Statutes.
(g)(2) This subdivision is almost the same as section 916.02(2), Florida Statutes.
(g)(3) This subdivision is almost the same as section 916.03, Florida Statutes.
(g)(4) This subdivision rewords a portion of section 916.04, Florida Statutes.
(g)(5) This - subdivision rewords section 916.07, Florida Statutes.
(h) Same as federal rule 41(e) as to the points covered.
(i) This rule is based on 38-144-11 of the Illinois Code of Criminal Procedure and federal rule 41(e).
(j) This subdivision rewords and adds to federal rule 14. It covers the subject matter of section 918.02, Florida Statutes.
(k) This rule is almost the same as federal rule 13, with provision added for trial by affidavit.
(l) Substantially same as section 916.06, Florida Statutes, with these exceptions: application cannot be made until indictment, information, or trial affidavit is filed; -application must be made at least 10 days *938 before trial; oral deposition in addition to written interrogatories is permissible.
1972 Amendment. Subdivision (h) is amended to require the defendant to specify the factual basis behind the grounds for a motion to suppress evidence. Subdivision (l) is amended to permit the state to take depositions under the same conditions that the defendant can take them. Former subdivisions (j) and (k) transferred to rules 3.150, 3.151, and 3.152. Subdivisions (l) and (m) renumbered (j) and (k) respectively. Otherwise, same as prior rule.
1977 Amendment. This amendment resolves any ambiguity in the rule as to whether the state must file a general or a specific traverse to defeat a motion to dismiss filed under the authority of rule 3.190(c)(4).
See State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974).
The amendment clearly now requires a specific traverse to specific material fact or facts.
1992 Amendment. The amendments, in addition to gender neutralizing the wording of the rule, make a minor grammatical change by substituting the word “upon” for “on” in several places. The amendments also delete language from subdivision (a) to eliminate from the rule any reference as to when pretrial motions are to be served on the adverse party. Because rule 3.030 addresses the service of pleadings and papers, such language was removed to avoid confusion and reduce redundancy in the rules.
2002 Amendment. If the trial court exercises its discretion to consider the motion to suppress during trial, the court may withhold ruling on the merits of the motion, and motion for a judgment of acquittal, and allow the case to be submitted to the jury. If the defendant is acquitted, no further proceedings regarding the motion to suppress or motion for a judgment of acquittal would be necessary. However, if the jury finds the defendant guilty of the crime charged, the trial court could then consider the motion to suppress post-trial in conjunction with the defendant’s renewed motion for a judgment of acquittal or motion for new trial.
RULE 3.361. WITNESS ATTENDANCE AND SUBPOENAS
(a) Attendance. — A- witness summoned by a trial subpoena-in a criminal case shall remain in attendance at trial until excused by the cour-t or by both parties. A witness who departs without being properly ex-eased-may-be held in criminal contempt of court/
(bXa) Subpoenas generally. Subpoenas for testimony before the court and subpoenas for production of tangible evidence before the court may be issued by the clerk of the court or by any attorney or of record in an action.
(e)(b) Subpoena for testimony or production of tangible evidence.
(1) Every A subpoena for testimony or production of tangible evidence before the court shall be issued by an attorney of record in an action or by the clerk under the seal of the-court and shall state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony or produce such the evidence at a time and place specified therein in the subpoena.
(2) Upon On oral request of an attorney-and-without praecipe, the clerk shall issue a subpoena for testimony before the court or a subpoena for the production of tangible evidence before the court, signed and sealed but otherwise in blank, both as to-the title of the action and the name of-the person-to whom it *939 is directed, and the subpoena shall be filled in before service by the attorney before service.
(4)(e) For production of tangible evidence.
(1) If a subpoena commands the a person or entity to whom-it-is directed to produce — the books, papers, documents, or tangible things designated therein,the person or entity may move the court to quash or modify the subpoena before the time specified in the subpoena for compliance.
(2) tThe court, upon motion — made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (ÍA) quash or modify the subpoena if it is unreasonable and oppressive, or (2B) condition denial of the-motion upon the advancement byrequire the person in whose behalf the subpoena is issued of to advance the reasonable cost of producing the books, papers, documents, or tangible things.
(d) Attendance and enforcement. A witness subpoenaed for testimony before the court or for production of tangible evidence before the court shall appear and remain in attendance until excused by the court or by all parties. A witness who refuses to obey a subpoena or who departs without being excused properly may be held in contempt.
RULE 3.994. ORDER CERTIFYING NO INCARCERATION.
In the.Court of the .Judicial Circuit, in and for. County, Florida Case No.: . Division: .
State of Florida,
Plaintiff, v. .... (name)...., Defendant.
ORDER CERTIFYING NO INCARCERATION
1. The court hereby certifies that it will not impose any period of incarceration upon the defendant if there is a finding of guilt, a plea of guilty or nolo contendere on the substantive charge(s), or any probation revocation in this case.
2. The court hereby finds that the defendant is not incarcerated in this case.
3. Accordingly,
□ The court declines to appoint counsel in this case.
□ The court having found that the defendant will not be substantially prejudiced by the discharge of appointed counsel, counsel is discharged in this case.
□ The court finds that the defendant would be substantially prejudiced by the discharge of appointed counsel and, therefore, the Court will not discharge counsel in this case.
4. This certification of no incarceration may be withdrawn by the court after notice to the defendant unless the court has made a finding of guilt or the defendant has pled guilty or nolo contendere.
5. If this order certifying no incarceration is withdrawn after appointed counsel has been discharged pursuant to this order, there shall be an immediate redeter-mination of indigency and appointment of counsel.
DONE AND ORDERED at .. Florida, on ,,,. (date)....
*940 Judge-

. As to the revised proposals, we waive the rule 2.130(c)(3) requirement that the Board of Governors consider the committee’s proposals.

. At the suggestion of the Florida Public Defender Association, we have changed the term "public defender” to "appointed counsel” throughout the amendments to rule 3.111 and new rule 3.994. This change in terminology is consistent with the use of the term "appointed counsel” or "court-appointed counsel” in Florida Rule of Criminal Procedure 3.130(c)(1), Counsel for Defendant.