GALLEN, THOMAS M., Associate Senior Judge.
Sandra Lee Finney seeks review of the circuit court’s order denying her “Petition for Writ of Habeas Corpus and/or Motion to Vacate Sentence Pursuant to Rule 3.850.” In her petition, Finney argued that the county court violated her right to counsel by imposing a sentence of incarceration upon a finding that she violated her probation because the pleas that resulted in the probationary sentence were uncounseled. The circuit court denied relief based on its finding that Finney waived her right to counsel. We reverse.
In May 2007, Finney appeared at an arraignment in county court and entered no contest pleas in four cases to charges of issuing worthless checks. The court adjudicated Finney and sentenced her to twelve months of probation plus costs and restitution. The court included a provision that Finney would have ten months of the *743 twelve-month probation period to pay the costs and restitution with early termination upon full payment.
At the onset of the arraignment, the court issued its standard mass advisory to the defendants in the audience. The court advised the audience that the purpose of the hearing was to inform them of the charges against them and their constitutional rights. The court also advised the audience of the differences between pleas of not guilty, no contest, and guilty and the possible dispositions for second-degree and first-degree misdemeanors. The court gave the following information regarding the right to counsel:
If you do enter a plea of not guilty, the Court will then assign you a pre-trial date and perhaps explore your ability to hire a lawyer and whether you intend to hire a lawyer or possibly the Court may appoint you a public defender to represent you.
[[Image here]]
... You have the right to be represented by a lawyer and [sic] the charge against you. If you cannot afford to hire a lawyer then the Court can appoint a public defender to represent you.
During Finney’s individual plea colloquy, the court asked whether she had read the plea form and whether she understood the rights she was waiving on that form. Fin-ney replied in the affirmative to these questions. Finney’s plea form stated that she understood “[t]he right to an attorney, and the right to have an attorney appointed if [she could not] afford one if the Judge is considering a jail sentence on this charge.” Finney entered her pleas without the benefit of counsel.
On August 17, 2007, an affidavit of violation of probation was filed in county court. The affidavit asserted that Finney violated her probation by failing to pay probation supervision fees for May, June, and July of 2007. Finney entered an uncounseled admission to the violation of probation based upon her failure to pay the costs of supervision and was advised by the court to appear at a future date for sentencing. Finney failed to appear for her sentencing, and a capias was issued for her arrest. The public defender was appointed, and on October 24, 2007, the court sentenced Fin-ney to 364 days in the Pinellas County Jail concurrent on all counts.
Finney then filed a “Petition for Writ of Habeas Corpus and/or Motion to Vacate Sentence Pursuant to Rule 3.850” in circuit court. In this petition, Finney argued that the county court erred in imposing a sentence of incarceration upon a finding that she violated her probation because the pleas that resulted in the probationary sentence were uncounseled and she had not waived her right to counsel. Finney requested that the court order her immediate release from confinement and entel-an order reversing the revocation of her probation on that basis.
The circuit court denied the petition based on its finding that Finney waived her right to counsel when she entered her pleas to the underlying charges in county court. On appeal of the denial of her petition, Finney argues for the first time that the county court erred in finding that the violation of probation was willful and substantial. Finney also argues that the circuit court erred in determining that a sentence of incarceration was proper because Finney waived her right to counsel.
Finney’s argument regarding the county court’s determination that the underlying violation of probation was willful and substantial is not properly before this court because this issue was not raised in *744 Finney’s petition.[1] See Brooks v. State, 768 So.2d 513, 514 (Fla. 2d DCA 2000) (holding that appellate court would not consider issues raised for the first time in the appeal of the denial of a postconviction motion).
Finney’s argument regarding the circuit court’s determination that incarceration was proper because Finney waived her right to counsel requires reversal. Because Finney was an indigent criminal defendant faced with imprisonment, she was entitled to counsel under article I, section 16 of the Florida Constitution, unless the court filed a written order of no incarceration. State v. Kelly, 999 So.2d 1029, 1040 (Fla.2008). Absent a valid waiver of this right, the county court was precluded from imposing a sentence. of incarceration on the charges. See Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Harris v. State, 773 So.2d 627, 629 (Fla. 4th DCA 2000).
Similarly, the county court was precluded from imposing incarceration upon Finney’s revocation of probation because it could not have imposed incarceration for the underlying conviction. See Tur v. State, 797 So.2d 4, 6 (Fla. 3d DCA 2001); Harris, 773 So.2d at 629. As the court acknowledged in Tur, section 948.06(1), Florida Statutes (1999), limits a court’s sentencing choices upon a revocation of probation to “ ‘any sentence which it might have originally imposed before placing the probationer or offender on probation.’ ” Tur, 797 So.2d at 6. If the court could not have imposed imprisonment because a defendant was not represented in the underlying misdemeanor proceedings, it cannot impose incarceration upon an ensuing revocation of probation. Hams, 773 So.2d at 630.
In denying Finney’s petition, the circuit court acknowledged Finney’s right to counsel at the change of plea hearing but concluded that Finney waived this right
based on the totality of the record, which at each hearing includes the introductory mass rights advisement to all defendants present (including [Finney]), the plea colloquy conducted by the court and [Finney’s] answers to the questions posed by the court, as well as the plea. forms signed by [Finney] at both hearings and her acknowledgement that she read, understood[,] and knowingly waived her rights on the plea form when she signed it.
Finney’s plea form was deficient because it “provided the misleading impression that an indigent criminal defendant lacks a right to counsel so long as the trial judge is not currently considering jail time as an appropriate sentence.” Kelly, 999 So.2d at 1036. Nothing in the mass plea colloquy or Finney’s individual plea colloquy cured this error. See id. (holding that a “properly executed on-the-record plea colloqu[y]” could cure this type of deficient plea form). In fact, the mass plea colloquy contained conflicting and confusing information that could have led Finney to believe she was only entitled to counsel if she entered a not guilty plea.
For these reasons, the circuit court erred in determining that incarceration was proper because Finney waived her right to counsel. Accordingly, we reverse *745 and remand with directions for the circuit court to grant Finney’s petition.
Reversed and remanded.
VILLANTI and WALLACE, JJ„ Concur.

. While we are unable to reach this issue on appeal, we share Finney's concern with the trial court's failure to ascertain whether Fin-ney had the ability to pay the probation supervision fees at issue. Our concern arises primarily from the fact that Finney did not have the benefit of counsel when she admitted to violating her probation.