# Third District Court of Appeal

## State of Florida

Opinion filed October 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0860
Lower Tribunal No. AEY3HXE

_____

**Robert Innis Barrett,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Marcus Bach Armas, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Robert Innis Barrett, challenges a withhold of adjudication and an order of probation rendered after he was found guilty of driving with a suspended license, a second-degree misdemeanor, at the conclusion of a nonjury trial.  See §§ 322.34(2), 775.082(4)(b), Fla. Stat. (2024).  On appeal, he contends that the trial court fundamentally erred in dispensing with his statutory right to jury trial without first announcing it would not adjudicate or incarcerate him upon conviction.[1]  See § 918.0157, Fla. Stat.  Under the unique circumstances presented here, we hold that the omission does not rise to the level of fundamental error.  Defense counsel waived jury immediately before the trial convened, and both the challenged disposition and sentence were consistent with the stated parameters of section 918.0157, Florida Statutes.[2]  As to Barrett's further concern, "once a county court has ordered that a defendant will not be incarcerated and denied that defendant a jury trial based on that commitment, it may not later impose incarceration for a violation of probation."  Blankenbaker v. State, 744 So. 2d 573, 575 (Fla. 2d DCA 1999); see also Harris v. State, 773 So. 2d 627, 629–

---

[1] Given the nature of the charge, Barrett had no constitutional right to jury trial.

[2] The limited record does not contain a colloquy, a written waiver, or any findings bearing on the waiver.  See State v. Upton, 658 So. 2d 86, 88 (Fla. 1995) (holding that the trial court must ensure any waiver of the right to jury trial is made "knowingly, voluntarily[,] and intelligently").

30 (Fla. 4th DCA 2000) (reiterating that once the court relies on section 918.0157 to dispense with a jury trial, it may not later impose a term of incarceration for a probation violation).  Accordingly, we affirm.

Affirmed.